R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com
jfierro-maciel@djplaw.com

*Attorneys for San Juan County Defendants*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>                    Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY, KENDALL G. LAWS, and ZANE ODELL,<br><br>                    Defendants. | **SAN JUAN COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Civil No.: 4:19-cv-00027-DN-PK<br><br>Judge David Nuffer |

Defendants San Juan County and Kendall G. Laws (collectively "San Juan County Defendants"), by and through undersigned counsel, and in response to Plaintiff's Complaint, hereby move this Court for judgment on the pleadings. For the reasons set forth below, Plaintiff has failed to sufficiently plead and state a claim for which relief can be granted, and therefore, the Third and Fourth Causes of Action should be dismissed with prejudice.

## INTRODUCTION

Plaintiff's claims arise out of her criminal prosecution for various state charges following an alleged trespassing incident on April 3, 2017. Plaintiff filed her Complaint on April 10, 2019 against Defendants San Juan County, San Juan County Attorney Kendall Laws ("Defendant Laws"), and Mr. Zane O'Dell ("Defendant O'Dell"). The First and Second Causes of Action assert federal constitutional violations and a state law claim of assault against Defendant O'Dell. The Third Cause of Action against Defendant Laws and the Fourth Cause of Action against Defendant San Juan County assert claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments. San Juan County Defendants seek judgment on the pleadings on the grounds that Defendant Laws is entitled to absolute prosecutorial immunity, and Plaintiff has failed to state a municipal liability claim against San Juan County. Therefore, San Juan County Defendants request that this Court dismiss the Third and Fourth Causes of Action with prejudice.

## BACKGROUND

On April 11, 2017, Defendant Laws filed an Information against Plaintiff charging her with two misdemeanor counts: (1) Trespassing on Trust Lands (Animal Enterprise) in violation of Utah Code Ann. § 53C-2-301, a Class A misdemeanor, and (2) False Personal Information to a Peace Officer in violation of Utah Code Ann. § 76-8-507(1), a Class C misdemeanor. On April 16, 2017, Defendant Laws filed an Amended Information against Plaintiff with two additional felony charges: (1) Attempted Wanton Destruction of Livestock (Animal Enterprise) in violation of Utah Code Ann. § 76-6-111(3)(d), a second degree felony, and (2) Retaliation against a

2

Witness, Victim, or Informant in violation of Utah Code Ann. § 76-8-508.3, a third degree felony.

During a preliminary hearing on November 2, 2017, the Court heard testimony from Defendant O'Dell and San Juan County Deputy Jay Begay ("Deputy Begay") and the arguments of counsel, including Defendant Laws, regarding the charges against Plaintiff. The Court ruled that Plaintiff was bound over on all of the charges except the false information charge and limited the retaliation charge to allegations regarding Plaintiff's submission of misleading evidence to support a complaint against O'Dell with the BLM. Several months later, Defendant Laws dropped the retaliation charge and the false information charge and filed another Amended Information with only the trespassing charge and the destruction of livestock charge remaining. The District Court's bindover was ultimately reversed on appeal.

**ARGUMENT**

## I.      RULE 12(C) STANDARD.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[1] Rule 12(c) specifically provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[2] A Motion for Judgment on the Pleadings is reviewed

---

[1] Fed. R. Civ. P. 8(a)(2).
[2] *Id.* at R. 12(c).

3

under the same standard as a Rule 12(b)(6) Motion to Dismiss.[3] A complaint is subject to

dismissal under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."[4]

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face."[5] While Rule 8 "does not require detailed factual allegations . . . it demands more

than an unadorned, the defendant unlawfully-harmed-me accusation."[6] The complaint must offer

more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action,"

or "naked assertions devoid of further factual enhancement."[7] At a minimum, the facts pled must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests."[8]

While this Court must accept reasonable inferences derived from well-pleaded facts, it

need not accept "threadbare recitals of a cause of action's elements, supported by mere

conclusory statements,"[9] or "legal conclusions couched as factual allegation."[10] In addition, if a

---

[3] *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah Feb. 5, 2015) (unpublished).

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

[7] *Id.* (internal quotations omitted).

[8] *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563; *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

[9] *Iqbal*, 556 U.S. at 663.

[10] *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GRR Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plaintiff fails to allege an essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed.[11] For the reasons below, Plaintiff has failed to adequately plead her claims against San Juan County Defendants. Accordingly, this Court should grant San Juan County Defendants' Motion for Judgment on the Pleadings and dismiss Plaintiff's claims against them with prejudice.

## II.    PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST DEFENDANT LAWS DUE TO PROSECUTORIAL IMMUNITY.

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."[12] This is because "conducting an investigation, approving a criminal case for prosecution, preparing a case for trial and arguing to a jury are part of the judicial process and considered to be actions necessary for a prosecutor to fulfill his duty as an officer of the court."[13] A prosecutor "should not have to second guess his strategies made during legal proceedings on the possibility that he may have to defend himself in a subsequent civil action for damages."[14]

---

[11] *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

[12] *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[13] *See Schwenke v. Utah*, No. 2:17-CV-00833, 2017 WL 5179448, at *6 (D. Utah Oct. 16, 2017), *report and recommendation adopted, No.* 2:17-CV-00833-DN-DBP, 2017 WL 5158688 (D. Utah Nov. 6, 2017) (unpublished).

[14] *Robinson v. Mecham*, No. 2:16-CV-00450-DB-DBP, 2017 WL 8222365, at *2 (D. Utah Sept. 21, 2017), *report and recommendation adopted,* No. 2:16-CV-450-DB, 2018 WL 1324942 (D. Utah Mar. 14, 2018) (unpublished).

SLC_4318808.3

Here, the Third Cause of Action asserts that Defendant Laws violated Plaintiff's constitutional rights by making "material factual misrepresentations for the purpose of obtaining a felony criminal charge and bindover against [her]."[15] This allegation is in reference to Plaintiff's felony charge for "Retaliation Against a Witness, Victim, or Informant" based on a letter she wrote to the BLM on April 5, 2017 accusing Defendant O'Dell of assault.[16] Plaintiff alleges that Defendant Laws made the following statements during the preliminary hearing on November 2, 2017 as a complaining witness: "And there would be sufficient evidence to show *that some of the exhibits that were presented* [*by Ms. Chilcoat to the BLM] with that letter were embellished or changed, altered to make those repairs look worse than they are*[.]"[17] Plaintiff also points to the following statement in Laws' Response to Motion to Quash Bindover: "The Court will allow testimony on [the retaliation] charge but limited that testimony to using *photographs that misrepresent the truth* and prohibited the State from admitting evidence with regards to the language of [Plaintiff's] letter indicating that Odell [sic] used 'assaultive behavior."[18]

Plaintiff mischaracterizes the nature of Defendant Laws' statements. While a prosecutor is not entitled to immunity "when he is acting as a witness rather than an advocate,"[19] absolute immunity applies to a prosecutor's "'professional evaluation of the evidence assembled by the

---

[15] Compl. ¶¶ 67–68.
[16] *Id.* ¶¶ 22, 28.
[17] *See id.* ¶¶ 30, 38.
[18] *Id.* ¶ 32 n.3.
[19] *See Nielander*, 582 F.3d at 1164.

SLC_4318808.3

police and appropriate preparation for its presentation at trial[.]'"[20] Plaintiff repeatedly refers to

Defendant Laws' statements as "misstatements" or "misrepresentations" to support her theory

that he was giving statements that lacked evidentiary support as a complaining witness.[21]

However, Defendant Laws was at all times acting as an advocate. He did not take the stand or

testify under oath during the preliminary hearing, but rather, made these statements during

closing arguments and in a written pleading. These statements merely reflect his evaluation of

the sufficiency of the evidence supporting the charge based on his professional judgment, not on

any personal knowledge of the facts.[22]

Plaintiff has not pled any facts showing that Defendant Laws had such knowledge.

Rather, Plaintiff identifies Defendant O'Dell as the potential evidentiary source of Defendant

Laws' arguments.[23] Review of the transcript of the preliminary hearing reveals that Defendant

Laws was in fact making arguments based on testimony and evidence provided by Defendant

O'Dell who did act as a complaining witness by taking the stand and testifying based on his own

personal knowledge.[24] To the extent Plaintiff takes issue with the precise word choice or

---

[20] *See Gadd v. S. Jordan City*, No. 2:15-CV-00667, 2018 WL 3352220, at *6 (D. Utah July 9, 2018), *report and recommendation adopted*, No. 2:15-CV-00667-DN-EJF, 2018 WL 4568813 (D. Utah Sept. 24, 2018) (unpublished) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)).

[21] Compl. ¶¶ 30, 32, 35, 36c, 37, 38, 67.

[22] *See Gadd*, 2018 WL 3352220, at *6.

[23] *See* Compl. ¶ 39.

[24] *See* Transcript of Preliminary Hearing ("Transcript"), at 81–82 attached hereto as **Exhibit A**. "Although the sufficiency of a complaint must rest on its contents alone[,] [t]here are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents'

7

phrasing of Defendant Laws' arguments during the hearing, it would be improper to impose

liability by second-guessing the arguments and strategies of a prosecutor who was attempting to

fulfill his duties as an officer of the court to the best of his abilities.[25] Because Defendant Laws

was at all times acting as an advocate for the State of Utah, he is entitled to absolute

prosecutorial immunity for Plaintiff's claims against him.

### III.    PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM AGAINST DEFENDANT LAWS DUE TO SOVEREIGN IMMUNITY.

"Eleventh Amendment immunity would shield [a county attorney] from liability in his

official capacity."[26] In *Nielander*, the Tenth Circuit noted that in Kansas "county attorneys act on

behalf of the state, not their respective counties."[27] The Court therefore concluded that "'[a]ny

actions by the county attorney are . . . attributable to the state[,] mean[ing] that the county

attorney's acts in prosecuting crimes are cloaked with Eleventh Amendment immunity.'"[28] Much

like in Kansas, county attorneys in Utah act on behalf of the state for prosecution of state crimes.

Section 17-18a-401 of the Utah Code provides in relevant part that "[a]n attorney who serves as

a public prosecutor shall . . . conduct, *on behalf of the state*, all prosecutions for a public offense

---

authenticity; and (3) matters of which a court may take judicial notice." *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (citation and internal quotations omitted). This Court may take judicial notice of the Transcript because it is referred to and quoted in the Complaint and is central to Plaintiff's claims against Defendant Laws. Review of the entire transcript is essential in determining the nature of Defendant Laws' statements and whether he is entitled to prosecutorial immunity for his actions.

[25] *See Schwenke*, 2017 WL 5179448, at *6; *Robinson*, 2017 WL 8222365, at *2.

[26] *See Nielander*, 582 F.3d at 1164.

[27] *See id.* (citng *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1254 (D. Kan. 2004)).

[28] *Id.* (quoting *Schroeder*, 311 F. Supp. 2d at 1252).

committed within a county or prosecution district[.]"[29] County attorneys in Utah are thus likewise entitled to Eleventh Amendment immunity for their actions in prosecuting state crimes.[30]

Here, Plaintiff admits that "Laws brought the charges *in the name of the State of Utah*."[31] Plaintiff alleges that Defendant Laws filed an Information charging Plaintiff "with two misdemeanors, trespassing on trust lands (animal enterprise) and false personal identity to a peace officer" and that he later filed an Amended Information adding two felony charges for "Attempted Wanton Destruction of Livestock (Animal Enterprise)" and "Retaliation Against a Witness, Victim, or Informant."[32] Elsewhere in the Complaint, Plaintiff appears to incorrectly assert that Defendant Laws acted as a prosecutor on behalf of San Juan County rather than the State of Utah. Plaintiff alleges that "Laws was not acting for or on behalf of the State of Utah in his actions as a complaining witness."[33] As explained above, Plaintiff's conclusory allegations do not show that Defendant Laws acted as a complaining witness. Notwithstanding Plaintiff's contradictory assertions, the facts as alleged in the Complaint show that Defendant Laws was acting on behalf of the State of Utah in bringing state misdemeanor and felony charges against Plaintiff. Therefore, Defendant Laws is entitled to Eleventh Amendment immunity for his actions, and Plaintiff's Third Cause of Action must be dismissed with prejudice.

---

[29] *See* Utah Code Ann. § 17-18a-401(1) (emphasis added).
[30] *See Nielander*, 582 F.3d at 1164.
[31] Compl. ¶ 27 (emphasis added).
[32] *Id.* ¶¶ 27–28.
[33] *Id.* ¶ 73.

9

## IV.     PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO PLEAD A CONSTITUTIONAL VIOLATION BY DEFENDANT LAWS.

Plaintiff's Third Cause of Action alleges that Defendant Laws violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.[34] Plaintiff makes no effort to plead facts to meet the distinct elements of each of these claims. Rather, the only specific allegation set forth in this cause of action is that "Defendant Laws, acting as a state actor, knowingly and/or recklessly made material factual representations for the purpose of obtaining a felony criminal charge and bindover against Ms. Chilcoat. It is a reasonable inference that he did so in retaliation for Ms. Chilcoat's political and environmental views and/or public advocacy in relation to the criminal prosecution of Laws' friend Lyman."[35] This allegation makes no reference to the elements or legal standard for a Fourth Amendment or a Fourteenth Amendment claim. It does not indicate which of the many theories of liability that could arise under these constitutional provisions Plaintiff intends to assert against Defendant Laws. Because the Third Cause of Action thus fails to give adequate notice to Defendant Laws of the nature of the claims against him, Plaintiff's Fourth Amendment and Fourteenth Amendment claims should be dismissed with prejudice.

With respect to Plaintiff's First Amendment claim against Defendant Laws, Plaintiff has also failed to adequately plead the elements of a retaliation claim. "When a government defendant is neither the plaintiff's employer nor a party to a contract with the plaintiff, a plaintiff bringing a First Amendment retaliation claim must show three elements: (1) that the plaintiff was

---

[34] Compl. ¶ 68.
[35] *Id.* ¶ 67.

SLC_4318808.3

engaged in constitutionally protected activity, (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that the defendant's adverse action was substantially motivated by the plaintiff's exercise of constitutionally protected conduct."[36]  Plaintiff has failed to plead these elements.

With regard to the first element, Plaintiff has again failed to give Defendant Laws adequate notice of the nature of her claim against him. Her allegations do not indicate which First Amendment right she is invoking or which of her alleged activities would be protected by that right. Much of the case law regarding retaliation claims pertains the right to petition the government for redress of grievances. Courts have recognized that "filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances."[37] Plaintiff's allegations regarding her "political and environmental views and/or public advocacy" are not equivalent to the filing of a criminal complaint.[38] Plaintiff has therefore failed to plead adequate facts showing that she engaged in a constitutionally protected activity.

The second element requires Plaintiff to establish "[t]he chilling effect of an adverse action," which "must be determined on an objective basis. 'The question is not whether the

---

[36] *George v. Newman*, 726 F. App'x 699, 707 (10th Cir. 2018) (unpublished) (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).

[37] *See Meyer v. Bd. of Cty. Comm'rs of Harper Cty., Okla.*, 482 F.3d 1232, 1243 (10th Cir. 2007) (citation omitted).

[38] Compl. ¶ 67.

11

plaintiff herself was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done.'"[39] Although Plaintiff makes the conclusory allegation that she "incurred economic and non-economic harm,"[40] Plaintiff does not include allegations that she was deterred from any constitutionally protected activity or that such deterrence was objectively reasonable. Because Plaintiff makes no allegations showing that Defendant Laws' alleged actions had a chilling effect on her of any kind, she has failed to plead the second element.

Finally, "[t]o satisfy the third prong of the First Amendment retaliation test, [a plaintiff] must allege specific facts showing that 'but for the retaliatory motive, the incidents to which he refers ... would not have taken place.'"[41]  Plaintiff alleges that Defendant Laws' alleged retaliation against her was motivated by the unrelated criminal prosecution of his friend, former County Commissioner Philip Lyman, who had "publicly blamed [Plaintiff] for his criminal conviction."[42] While this allegation might support a retaliatory motive by Lyman himself, this allegation is too attenuated to support an inference of such a motive by Defendant Laws merely because of his alleged friendship with Lyman. The third element is therefore also inadequately pled. For these reasons, Plaintiff has failed to adequately plead a First Amendment retaliation claim against Defendant Laws, and this claim should therefore be dismissed with prejudice.

---

[39] *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1044 (D. Minn. 2010) (quoting *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003)).
[40] Compl. ¶ 70.
[41] *Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016) (quoting *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).
[42] Compl. ¶ 36, 67.

12

### V.    PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO PLEAD MUNICIPAL LIABILITY AGAINST DEFENDANT SAN JUAN COUNTY.

Plaintiff's Fourth Cause of Action is brought against Defendant San Juan County. Although it is unclear from Plaintiff's Complaint, the only cognizable claim against San Juan County would be a municipal liability claim under 42 U.S.C. § 1983. However, "[a] municipality may not be held liable where there is no underlying constitutional violation by any of its officers."[43] Thus, if the Court determines that Plaintiff has failed to plead a constitutional violation by Defendant Laws, then her claims against San Juan County would also fail. Even if any of her claims against Defendant Laws survive dismissal, her claims against San Juan County are nonetheless subject to dismissal as inadequately pled.

The Supreme Court has determined that municipalities cannot be held liable for civil rights violations under a theory of *respondeat superior*, but rather may only be held liable upon a showing that the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity may be responsible for under § 1983."[44] Thus, a successful § 1983 claim against a municipality must plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury."[45] An official policy or custom may take various forms, including "the decisions of

---

[43] *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

[44] *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

[45] *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 768, 769 (10th Cir. 2013).

13

SLC_4318808.3

employees with final policymaking authority."[46] Plaintiff has failed to adequately address any of these elements in her Complaint.

First, Plaintiff makes only a threadbare attempt to plead a final policymaker decision of San Juan County. The factors relevant to determining whether an individual is a final policymaker for a municipality under state law include: "(1) whether the official is meaningfully constrained by policies not of that official's own making; (2) whether the official's decision[s] are final—*i.e.*, are they subject to any meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority."[47] Plaintiff has failed to address any of the factors relevant to determining whether Defendant Laws was a final policymaker for San Juan County.  Plaintiff's only allegation is that Defendant Laws "was acting in the capacity as a final decision-making authority for San Juan County" in making alleged "factual statements described above."[48] Plaintiff's vague, conclusory allegation is insufficient to plead this element.

Second, with respect to the causation element of Plaintiff's *Monell* claim, the Complaint again fails to adequately plead facts. The causation element requires that "the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right" and

---

[46] *See Bryson v. City of Okla. Cit*, 627 F.3d 784, 788 (10th Cir. 2010).

[47] *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010) (citation and internal quotation marks omitted).

[48] *See* Compl. ¶ 73.

"is satisfied if the plaintiff shows that the municipality was the moving force behind the injury alleged."[49] Plaintiff made no attempt to plead facts establishing causation.

Finally, a *Monell* claim must show that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."[50] This standard can be "satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[51] Again, Plaintiff has made no attempt to plead deliberate indifference on the part of San Juan County.

Plaintiff's Fourth Cause of Action is essentially comprised of two short paragraphs with an incomplete citation to a statute. The Court need not accept Plaintiff's "threadbare recitals of [this] cause of action's elements, supported by mere conclusory statements."[52] Unfortunately for Plaintiff, conclusory allegations are all she has pled against San Juan County. For these reasons, Plaintiff has failed to adequately plead a claim of municipal liability against San Juan County, and this Court should dismiss the Fourth Cause of Action with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Third and Fourth Causes of Action against San Juan County Defendants with prejudice.

---

[49] *Schnieder*, 717 F.3d at 770 (internal quotations omitted).

[50] *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).

[51] *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

[52] *See Iqbal*, 556 U.S. at 663.

SLC_4318808.3

DATED this 10th day of July, 2019.

**DURHAM JONES & PINEGAR, P.C.**


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
*Attorneys for San Juan County Defendants*

16

SLC_4318808.3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served this

10th day of July, 2019, via electronic filing upon the following:


Karra J. Porter
J.D. Lauritzen
Jacob W. Macfarlane
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111

Patrick A. Shea
PATRICK A. SHEA, P.C.
252 South 1300 East, Suite A
Salt Lake City, Utah 84102

J. Morgan Philpot
JM PHILPOT LAW, PLLC
620 East 100 North
Alpine, UT 84004

Benjamin M. Wegener
Lorne G. Hiller
Wegener Scarborough Younge & Hockensmith, LLP
743 Horizon Court, Suite 200
Grand Junction, CO 81506


/s/ Peri Brimley
Legal Assistant

17

SLC_4318808.3