IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>                  Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY, KENDALL G. LAWS, and ZANE ODELL,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING SAN JUAN COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No.: 4:19-cv-00027-DN-PK<br><br>District Judge David Nuffer |

      Before the court is Defendants San Juan County and Kendall G. Laws' (collectively "San Juan County Defendants") Motion for Judgment on the Pleadings ("Motion")[1] requesting that the Court dismiss Plaintiff Rosalie Chilcoat's claims against them. The Motion is based on absolute prosecutorial immunity, Eleventh Amendment sovereign immunity, and for failure to state a claim for municipal liability. It is important that this order does not determine whether the facts alleged in the Complaint are true or false. As is later explained, the decisive issues are well established legal principles protecting public officials, even if wrongful actions were taken. Based on these legal principles and for other reasons discussed below, the Motion is GRANTED. The claims against the San Juan County Defendants are DISMISSED.

---

[1] Docket no. 21, filed July 10, 2019; Memorandum in Opposition to San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 29, filed August 14, 2019; Reply Memorandum in Support of San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 33, filed August 30, 2019; Supplemental Memorandum in Opposition to San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 39, filed October 28, 2019. Oral argument was heard on October 30, 2019.

BACKGROUND ........................................................................................................................ 2
STANDARD OF REVIEW – MOTION FOR JUDGMENT ON THE PLEADINGS .................. 4
DISCUSSION ........................................................................................................................ 5
   Third Cause of Action - 42 U.S.C. § 1983 (Against Defendant Laws) ..................................... 5
      I.    Absolute Prosecutorial Immunity ................................................................................ 5
      II.   Eleventh Amendment Sovereign Immunity ................................................................ 6
      III.  Prospective Injunctive and Declaratory Relief ............................................................ 7
   Fourth Cause of Action - 42 U.S.C. § 1983 (Against Defendant San Juan County) ................. 9
ORDER ...................................................................................................................................... 10

# BACKGROUND[2]

The San Juan County Sheriff's Office began investigating a suspected trespassing incident on April 1, 2017.[3] Two days later, a few witnesses who thought Rosalie Chilcoat's vehicle matched the description of the suspected trespasser, confronted Chilcoat about the incident.[4] After the confrontation, Chilcoat sent a letter to the Federal Bureau of Land Management ("BLM") that accused the witnesses of accosting and assaulting her.[5]

On April 11, 2017, Defendant Laws, the San Juan County Attorney, filed an information against Chilcoat charging her for two misdemeanor counts: (1) Trespassing on Trust Lands and (2) False Personal Identity to a Peace Officer.[6] A few days later, Laws filed an Amended Information charging Chilcoat with two additional felonies: (1) Attempted Wanton Destruction of Livestock and (2) Retaliation Against a Case Witness, Victim, or Informant.[7] The witness

---

[2] The facts set forth below are drawn from the allegations of the Complaint, which are accepted as true for purposes of deciding the Motion.
[3] Complaint and Jury Demand ("Complaint") ¶¶ 11-13, docket no. 2, filed April 10, 2019.
[4] *Id*. ¶ 15.
[5] *Id*. ¶ 22.
[6] *Id*. ¶ 27.
[7] *Id*. ¶ 28.

retaliation charge was based on Chilcoat's complaint to the BLM about her interaction with the witnesses.[8]

During the preliminary hearing on November 2, 2017, the court limited evidence the prosecution could use for the witness retaliation charge. Laws was instructed that he could only use evidence showing that Chilcoat sent the BLM complaint in bad faith.[9] The language about being assaulted could not be the basis for the charge.[10] In response to the court's limiting instruction, Laws stated that he could present pictures that Chilcoat submitted to the BLM with her letter that were "embellished or changed, [or] altered[.]"[11] As a result, the court ended up binding over Chilcoat on the retaliation charge.[12] Six months later Laws dropped the charge.[13]

Chilcoat filed a complaint alleging Section 1983 claims against Laws and San Juan County. Chilcoat asserted that her constitutional rights were violated by the statement Laws made during the preliminary hearing about the evidence for the retaliation charge, which was "utterly false," and "wholly of his own fabrication."[14] Chilcoat also alleged that since Laws is a final decision-maker for the County, the County should be liable under Section 1983 for Laws' statement.[15]

---

[8] *Id.* ¶ 29.
[9] Transcript of Preliminary Hearing at 85, Exhibit A to Motion, docket no. 21-1, filed July 10, 2019.
[10] *Id.* at 81.
[11] *Id.* at 82.
[12] Complaint, *supra* note 2, ¶ 32.
[13] *Id.* ¶ 35.
[14] *Id.* ¶ 31.
[15] *Id.* ¶ 73.

## STANDARD OF REVIEW – MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) specifically provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[16] A motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss.[17] In order to withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*,[18] and *Ashcroft v. Iqbal*,[19] a plaintiff must allege enough facts, "taken as true, to state a claim to relief that is plausible on its face."[20] A plaintiff must "offer specific factual allegations to support each claim."[21] While the Court must "accept as true all of the allegations contained in a complaint," this requirement is "inapplicable to legal conclusions."[22] The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23] Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[24]

---

[16] Fed. R. Civ. P. 12(c).
[17] *Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018) (citation omitted).
[18] 550 U.S. 544 (2007).
[19] 556 U.S. 662 (2009).
[20] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).
[21] *Id.*
[22] *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).
[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).
[24] *Id.* The Court may also consider "matters of public record," Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (December 2019 update) (citations omitted), as well as documents that are "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation omitted). The claims against the County Defendants arise out of statements made by Laws during a preliminary hearing for the state criminal case. The transcript is a matter of public record and is quoted by Plaintiff in her Complaint. Therefore, the court has taken judicial notice of the transcript of the preliminary hearing in deciding this motion.

# DISCUSSION

## Third Cause of Action - 42 U.S.C. § 1983 (Against Defendant Laws)

Chilcoat's sole cause of action against Laws is for a violation of her constitutional rights under 42 U.S.C. § 1983.[25] Chilcoat alleges that Laws violated her First, Fourth, and Fourteenth Amendment rights. But regardless of the specific constitutional provisions listed in the Complaint, Chilcoat's Section 1983 claim against Laws is barred by both absolute prosecutorial immunity and Eleventh Amendment sovereign immunity.

### I. Absolute Prosecutorial Immunity

Chilcoat's Section 1983 claim for damages against Laws in his individual capacity is barred by prosecutorial immunity. The Supreme Court has adopted a "functional approach" to determine whether a prosecutor is entitled to absolute immunity.[26] When a prosecutor is acting as an advocate for the State, the prosecutor is entitled to absolute immunity.[27]

Chilcoat argues that, in allegedly giving false information to the judge at the preliminary hearing, Laws was acting as "a complaining witness" rather than as an advocate,[28] and thus has no claim to immunity for conduct undertaken in that role.[29] However, the transcript of the preliminary hearing demonstrates that Laws was not under oath and did not provide any testimony.[30]

> *The sworn/unsworn distinction is more than critical; it is determinative.* In *Kalina*, a prosecutor filed three documents with the court: (1) an information

---

[25] Complaint, *supra* note 2, ¶ 66.
[26] *Mink v. Suthers*, 482 F.3d 1244, 1259 (10th Cir. 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).
[27] *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).
[28] Complaint, *supra* note 2, ¶¶ 30-31, 69.
[29] *Kalina v. Fletcher*, 522 U.S. 118, 129-31 (1997) (prosecutor acted as "complaining witness rather than a lawyer" in certifying document "[u]nder penalty of perjury" and was therefore not entitled to absolute immunity for such act).
[30] Transcript of Preliminary Hearing, *supra* note 8.

charging the defendant in that case with burglary; (2) a motion for an arrest warrant; and (3) a sworn certification of probable cause, which contained two inaccurate factual statements. 522 U.S. at 121, 118 S.Ct. at 505. The Supreme Court held that the prosecutor acted as an advocate except for his swearing to the truth of the certification. *Id.* at 129, 118 S.Ct. at 509. In that regard alone, the Court held that the prosecutor functioned as a complaining witness, which meant that he was not protected by absolute immunity so far as the contents of the certification were concerned. *See id*. at 130, 118 S.Ct. at 510 ("Testifying about facts is the function of the witness, not of the lawyer.").[31]

Because Laws was not testifying at the preliminary hearing, he was not acting as a witness. Rather, his statements were made in his role as an advocate in court and were therefore "activities intimately associated with the judicial phase of the criminal process."[32] He is therefore absolutely immune from personal liability for them. Accordingly, the third cause of action is DISMISSED as to Chilcoat's claim for damages.

## II. Eleventh Amendment Sovereign Immunity

To the extent Chilcoat's third cause of action is brought against Laws in his official capacity, he is entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment immunizes states from suit in federal court.[33] This includes employees that act on behalf of the state, or other public officials sued in their official capacity for money damages or declaratory relief for past actions.[34] Under Utah law an attorney who serves as a public

---

[31] *Rivera v. Leal*, 359 F.3d 1350, 1355 (11th Cir. 2004) (where, among other things, prosecutor "never personally swore to the truth of any information he shared with the court," "he did not function as a complaining witness"); *Adams v. Hanson*, 656 F.3d 397, 409 (6th Cir. 2011) ("Hanson's [allegedly false] unsworn statements during a pretrial court appearance[] by the prosecutor in support of taking criminal action against a suspect, are acts of advocacy protected by absolute immunity.") (citations and quotation marks omitted); *Hendrickson v. Cervone*, 661 F. App'x 961, 967 (11th Cir. 2016) (unpublished) (reaffirming sworn-unsworn distinction and holding prosecutor who, among other things, allegedly falsely certified to having sworn testimony to support charges, but who was not alleged to have "personally swor[n] to the truth of the facts in the information," was entitled to absolute immunity for alleged conduct).
[32] *Mink*, 482 F.3d at 1259 (citation and internal quotation marks omitted).
[33] *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).
[34] *See Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985) (a suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *V-1 Oil Co. v. Utah*

prosecutor "conduct[s], *on behalf of the state*, all prosecutions for a public offense committed within a county or prosecution district."[35] Since Laws was acting on behalf of the state during the preliminary hearing, "Eleventh Amendment immunity . . . shield[s] [Laws] from liability in his official capacity."[36]

### III. Prospective Injunctive and Declaratory Relief

An "action for injunctive relief no matter how it is phrased is against a defendant in official capacity only[.]"[37] Eleventh Amendment immunity to an injunction claim may be avoided, under certain circumstances, by the *Ex parte Young*[38] doctrine. This doctrine allows a plaintiff to sue the state for prospective relief if the plaintiff alleges "an ongoing violation of federal law[.]"[39] That circumstance is not present here, so the third cause of action is likewise DISMISSED as to the request for injunctive relief.

Chilcoat alleges that Laws' knowing or reckless misrepresentations leading to her bindover were made "in retaliation for [her] political and environmental views and/or public advocacy in relation to the criminal prosecution of Laws' friend [Phillip] Lyman."[40] In a supplemental memorandum, she adds that this retaliation has resulted in the chilling of her First

---

*State Dep't of Pub. Safety*, 131 F.3d 1415, 1422 (10th Cir. 1997) ("Eleventh Amendment 'does not permit judgments against state officers declaring they violated federal law in the past'") (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (Eleventh Amendment sovereign immunity barred § 1983 claims for damages and declaratory judgment against prison officials in their official capacities).
[35] Utah Code Ann. § 17-18a-401(1) (emphasis added).
[36] *Nielander v. Board of County Commissioners of County of Republic, Kansas*, 582 F.3d 1155, 1164 (10th Cir. 2009).
[37] *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 718 (10th Cir. 1988) (citation omitted).
[38] 209 U.S. 123 (1908).
[39] *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002).
[40] *Id.* ¶ 67

Amendment rights due to "the threat of future retaliation," and that this constitutes "an ongoing/prospective injury."[41]

Chilcoat's Complaint makes no mention of any concern regarding future retaliation. Rather, it focuses on Laws' past actions, asserting that they "*were* in violation of Ms. Chilcoat's rights."[42] She seeks "[a] declaration that the defendants' actions *violated* Plaintiff's constitutional rights" and vaguely requests "[i]njunctive relief as determined by the Court."[43] The requests for declaratory and injunctive relief are not tethered to *any* alleged continuing violation or threatened harm. That being the case, the *Ex parte Young* doctrine cannot penetrate Laws' sovereign immunity shield.[44]

To the extent the claim for declaratory relief is asserted against Laws in his individual capacity, it nevertheless fails for the same reason. A request for declaratory relief that will not "affect[] the behavior of the defendant toward the plaintiff" merely seeks an advisory opinion.[45] Chilcoat's claims for damages based on Laws' alleged conduct fail (as against Laws due to prosecutorial immunity, and as against the County as explained below), and her claim for injunctive relief is barred by sovereign immunity. As a result, her claim for declaratory relief seeks nothing more than "the satisfaction of a declaration that [Chilcoat] was wronged."[46] On that ground, it is DISMISSED as well.

---

[41] Supplement, *supra* note 1, at 3.
[42] Complaint, *supra* note 2, ¶ 68 (emphasis added).
[43] Complaint, *supra* note 2, at 19.
[44] *Collins v. Daniels*, 916 F.3d 1302, 1316 (10th Cir. 2019) (recognizing that *Ex parte Young* doctrine does not allow plaintiff to "obtain a declaration that a state officer has violated a plaintiff's federal rights in the past") (citation and quotation marks omitted).
[45] *Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citations and quotation marks omitted).
[46] *Id.* at 1299 (citation omitted).

### **Fourth Cause of Action - 42 U.S.C. § 1983 (Against Defendant San Juan County)**

Chilcoat also alleges that San Juan County is liable for the actions of Laws during the preliminary hearing. To hold a municipality liable under Section 1983, a plaintiff must demonstrate, among other things, that there is an "official municipal policy" that caused a constitutional violation.[47]

In this case, even if there were a constitutional violation by Laws, there is no plausible allegation of the existence of an official policy or custom by the County that caused the alleged constitutional violation. As explained above, Laws was acting on behalf of the State when prosecuting Chilcoat, not the County. Therefore, his actions cannot be considered the "policy" of the County.[48] And a single allegation that Laws misstated facts in a preliminary hearing does not constitute an official policy or custom of the County. Therefore, Chilcoat has failed to sufficiently allege that the County is liable under *Monell*. The fourth cause of action is DISMISSED.

---

[47] *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978).
[48] *Nielander v. Board of County Commissioners of County of Republic, Kansas*, 582 F.3d 1155, 1170 (10th Cir. 2009) (affirming summary judgment for municipality on claims brought against it based on alleged conduct of county attorney, who was state official and therefore "not a *municipal* policymaker") (emphasis in original).

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings[49] is GRANTED. Plaintiff's claims against Laws and San Juan County are DISMISSED in their entirety.

SIGNED March 27, 2020.

BY THE COURT:

David Nuffer
United States District Judge

---

[49] Docket no. 21, filed July 10, 2019.