IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ZANE ODELL, SAN JUAN COUNTY, and KENDALL G. LAWS,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND**<br><br>Case No. 4:19-cv-00027-DN-PK<br><br>District Judge David Nuffer |

　　　　Plaintiff Rosalie Chilcoat seeks leave to amend her Complaint[1] to reinstate San Juan County as a defendant and allow thereby additional discovery of the allegations in Ms. Chilcoat's proposed Amended Complaint.[2] San Juan County opposes Ms. Chilcoat's Motion to Amend arguing that the proposed Amended Complaint is futile, and the Motion to Amend is untimely, unduly prejudicial, and brought in bad faith.[3]

　　　　Because Ms. Chilcoat's proposed Amended Complaint[4] fails to meet the plausibility standard of Rule 12(b)(6), it is futile and therefore it is contrary to the interests of justice to grant leave to amend. Therefore, Ms. Chilcoat's Motion to Amend is DENIED.

---

[1] Complaint and Jury Demand ("Complaint"), docket no. 2, filed April 10, 2019.

[2] Motion to Amend Complaint ("Motion to Amend"), docket no. 70, filed October 23, 2020.

[3] Opposition to Motion to Amend ("Response"), docket no. 75, filed November 6, 2020.

[4] Amended Complaint, docket no. 72-2, filed October 26, 2020.

## BACKGROUND[5]

This dispute arises out of a criminal prosecution of a wilderness advocate, Plaintiff Rosalie Chilcoat, for an alleged trespassing incident in the Spring of 2017.[6] On April 10, 2019, Ms. Chilcoat filed her original Complaint against San Juan County, San Juan County Attorney Kendall Laws, and Zane Odell.[7] In her Complaint, Ms. Chilcoat alleged Section 1983 claims against Mr. Laws and San Juan County.[8] She asserted that her constitutional rights were violated by a statement that Mr. Laws made during the preliminary hearing about the evidence for a retaliation charge.[9] Ms. Chilcoat also alleged that since Mr. Laws is a final decision-maker for San Juan County, the County should be liable under Section 1983 for Mr. Laws's statement.[10]

On March 30, 2020, an order[11] granted San Juan County and Mr. Laws's motion for judgment on the pleadings[12] dismissing all of Ms. Chilcoat's claims against them. Specifically, the Section 1983 claim against San Juan County was dismissed because there "was no plausible allegation of the existence of an official policy or custom by the County that caused the alleged constitutional violation."[13]

---

[5] The facts set forth below are drawn from the allegations of Ms. Chilcoat's original Complaint and her proposed Amended Complaint, which are accepted as true for purposes of deciding the Motion to Amend.

[6] Amended Complaint ¶¶ 11-13.

[7] Complaint ¶¶ 2-4.

[8] *Id*. ¶¶ 66-74.

[9] *Id*. ¶¶ 67-68.

[10] *Id*. ¶¶ 72-74.

[11] Memorandum Decision and Order Granting San Juan County Defendants' Motion for Judgment on the Pleadings at 9, docket no. 63, filed March 27, 2020.

[12] San Juan County Defendants' Motion for Judgment on the Pleadings, docket no. 21, filed July 10, 2019.

[13] Memorandum Decision and Order Granting San Juan County Defendants' Motion for Judgment on the Pleadings at 9.

Ms. Chilcoat's Motion to Amend seeks, based on new evidence, to reinstate San Juan County as a defendant.[14] According to Ms. Chilcoat, the new evidence suggests that her criminal charges were pursued at the direction of, or inducement by, San Juan County's commissioners during a "secret, closed meeting in which they discussed with San Juan County Sheriff Eldredge the gate incident and Rose Chilcoat specifically."[15]

## STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with . . . the court's leave [and] when justice so requires."[16] In making this determination, courts enjoy broad discretion.[17] Reasons for denying amendment include, but are not limited to, "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[18]

Futility is apparent under the standard in Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim upon which relief may be granted.[19] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[20] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss and in evaluating futility on a motion to amend, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[21] However, "the plausibility standard . . . asks for more

---

[14] Motion to Amend at 2.

[15] Amended Complaint ¶ 22.

[16] FED. R. CIV. P. 15(a)(2).

[17] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations omitted).

[18] Id. (internal quotations omitted).

[19] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

than a sheer possibility that a defendant has acted unlawfully."[22] Therefore, to show an entitlement to relief, the facts must "permit the court to infer more than the mere possibility of misconduct."[23]

## DISCUSSION

Section 1983 provides a civil action for the deprivation of Constitutional rights.[24] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[25] A plaintiff can show that a municipal policy or custom violated her Constitutional rights through the decisions of an official with final policymaking authority.[26]

Ms. Chilcoat's proposed Amended Complaint alleges San Juan County violated her "constitutional rights when the San Juan County Commission adopted a decision to direct or encourage the filing of felony charges against [Ms. Chilcoat] in retaliation for her activism."[27] Ms. Chilcoat contends that newly discovered evidence, from the deposition of former County Commissioner Philip Lyman, supports the claim that the County made that decision in a "secret, closed meeting in which [the commissioners] discussed with San Juan County Sheriff Eldredge the gate incident and Rose Chilcoat specifically."[28] "Philip Lyman stated that Ms. Chilcoat was 'widely known and controversial, and there were some criminal discussions that took place

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[23] *Id.*

[24] 42 U.S.C. § 1983.

[25] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[26] *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989).

[27] Amended Complaint ¶ 82.

[28] *Id.* ¶ 22.

behind closed doors in a closed meeting.'"[29] Ms. Chilcoat also points out that "Philip Lyman made public statements expressing his support of [the] criminal charges."[30]

These allegations support only mere speculation or a possibility that San Juan County made a decision to direct or encourage criminal prosecution against Ms. Chilcoat. Accepted as true, these facts allege a meeting between San Juan County commissioners and Sheriff Eldredge where the commissioners discussed Ms. Chilcoat. Nothing in the proposed Amended Complaint demonstrates that the meeting included the County's decision or encouragement to pursue criminal charges against Ms. Chilcoat. The proposed Amended Complaint does not state a plausible claim for relief under Section 1983. Therefore, it is futile.

## ORDER

IT IS HEREBY ORDERED that Ms. Chilcoat's Motion to Amend[31] is DENIED.

Signed January 21, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[29] *Id.* ¶ 26.

[30] *Id.*

[31] Docket no. 70, filed October 23, 2020.