IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSALIE CHILCOAT, an individual<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ZANE ODELL,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ZANE ODELL'S [101] MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 4:19-cv-00027-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Zane Odell ("Odell") filed a motion requesting attorneys' fees pursuant to 42 U.S.C. § 1988 (the "Motion").[1] The Motion is denied.

## INTRODUCTION

This case arose out of a criminal prosecution of a wilderness advocate, Plaintiff Rosalie Chilcoat ("Chilcoat"), for an alleged trespassing incident in the Spring of 2017.[2] Chilcoat was accused of trespassing by Odell, and she sued him under 42 U.S.C. § 1983 and for civil assault. Odell prevailed against Chilcoat under both claims and now brings this Motion for attorneys' fees.

## DISCUSSION

In a section 1983 civil rights proceeding, "the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee…"[3] "[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was

---

[1] Defendant Zane Odell's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988, docket no. 101, filed Feb. 19, 2021.

[2] Complaint and Jury Demand, docket no. 2, filed Apr. 10, 2019.

[3] 42 U.S.C. § 1988(b) (2000).

frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[4] "An award is not justified, however, just because the plaintiff 'ultimately lost his case.'"[5] "To allow an award of attorney's fees simply because the plaintiff did not prevail 'would substantially add to the risk inhering in most litigation and would undercut the efforts of Congress to promote vigorous enforcement' of the civil rights laws.'"[6]

An award of attorney fees to a defendant in a § 1983 civil rights case is discretionary, and in this case, is not appropriate. While Chilcoat's claims were ultimately without merit, there is insufficient evidence that Chilcoat's action was frivolous, unreasonable, or without foundation.

## ORDER

IT IS HEREBY ORDERED that Defendant Zane Odell's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988[7] is denied.

Dated February 23, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[4] *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

[5] *Dill v. City of Edmond, Okl.*, 162 F.3d 1172 (10th Cir. 1998) (unpublished) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978)).

[6] *Dill v. City of Edmond, Okl.*, 162 F.3d 1172 (10th Cir. 1998) (unpublished) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978).

[7] Docket no. 101, filed Feb. 19, 2021.