R. Blake Hamilton (11395)
Ashley M. Gregson (13716)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
blake.hamilton@dentons.com
ashley.gregson@dentons.com

*Attorneys for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH (SOUTHERN REGION)

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>                 Plaintiff,<br><br>vs.<br><br><br>SAN JUAN COUNTY,<br><br>               Defendant. | **MOTION TO STRIKE DEFAMATORY REFERENCES TO KENDALL LAWS IN AMENDED COMPLAINT**<br><br>Case No: 4:19-cv-00027-DN<br><br>Judge David Nuffer |

Defendant SAN JUAN COUNTY by and through their undersigned counsel, hereby moves the Court strike any defamatory references to Prosecutor Kendall Laws in Plaintiff's Amended Complaint[1] for the reasons set forth herein.

---

[1] ECF No. 120.

## BACKGROUND

On April 10, 2019, Plaintiff filed a complaint alleging claims under 42 U. S. C. § 1983 against Prosecutor Kendall Laws, San Juan County, and Zane Odell.[2]  Plaintiff alleged that Prosecutor Laws violated her First, Fourth, and Fourteenth Amendment rights when he "knowingly and/or recklessly made material factual misrepresentations for the purpose of obtaining a felony criminal charge and bindover" at the preliminary hearing in state court.[3] Plaintiff alleged that Prosecutor Laws was the final decision maker for San Juan County and that San Juan County should be liable under 42 U. S. C. § 1983 for Prosecutor Laws' statements.[4]

On July 10, 2019, Defendants San Juan County and Prosecutor Laws moved for judgment on the pleadings under Federal Rules of Civil Procedure Rule 12(c).[5]  On October 30, 2019, this Court granted Defendants' motion and dismissed Plaintiff's claims against Prosecutor Laws and San Juan County.[6]  The Court held that Prosecutor Laws was absolutely immune from personal liability, Eleventh Amendment sovereign immunity barred claims against Prosecutor Laws in his official capacity, and found that Prosecutor Laws acted for the State, not the county, when he prosecuted Plaintiff's case.[7]

Plaintiff continued to litigate her remaining claims against Mr. Odell and took a deposition of a former County Commissioner.   Based on the information gathered from the deposition, Plaintiff moved to amend her Complaint to add a new municipality liability claim,

---

[2] ECF No. 2.
[3] *Id*. ¶¶ 67-68.
[4] *Id*.
[5] ECF No. 21.
[6] Docket No. 40, filed October 30, 2019.
[7] ECF No. 63, pp. 5-8.

reinstated San Juan County as a defendant, and further requested additional discovery.[8] Plaintiff's motion to amend her complaint was denied, based on a determination by the court that the proposed amendment would be futile.[9]

On March 25, 2021, Plaintiff appealed the district court's order granting judgment on the pleadings and the denial of her motion to amend.[10]  On July 22, 2022, the appeals court affirmed the grant of judgment on the pleadings, but reversed the denial to amend the complaint.  The reversal was based on Plaintiff's allegations that San Juan County commissioners held a secret closed meeting where they decided to direct or encourage a county employee to pursue criminal charges in retaliation for Plaintiff's political views.[11]

Accordingly, on September 15, 2022, Plaintiff filed her Amended Complaint.[12]  On September 20, 2022, San Juan County filed their Answer.[13]  On February 2, 2023, San Juan County filed a petition for a writ of certiorari in this case.  On April 17, 2023, The United States Court of Appeals for the Tenth Circuit denied San Juan County's petition for a writ of certiorari.

## LEGAL STANDARDS

Under Federal Rules of Civil Procedure Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. This action may be taken by the court on its own or upon a motion made by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id*.

---

[8] ECF Nos. 70-71.
[9] ECF No. 99.
[10] ECF No. 110.
[11] ECF No. 119.
[12] ECF No. 120.
[13] ECF No. 121.

SL_6636882.1

Generally, motions to strike are not granted unless the questionable material is prejudicial to the moving party. *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) ("We ... take this opportunity to advise ... against moving to strike extraneous matter unless its presence in the Complaint is actually prejudicial to the defense."). "A matter is 'immaterial' to a pleading, as basis for striking the matter, if it has no essential or important relationship to the claim for relief or the defenses being pleaded." *R. M. v. Scottsdale Ins. Co.*, No. 2:20-CV-00064-DB, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (quoting *Rees v. PNC Bank, N. A.*, 308 F. R. D. 266 (N.D. Cal. 2015). "The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter." § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5 C Fed. Prac. & Proc. Civ. § 1382 (3d ed.).

## ARGUMENT

Rule 12(f) is reserved for situations where pleadings contain "impertinent" and "scandalous" factual allegations that are "immaterial" to the case. The references in the Amended Complaint to Prosecutor Laws focuses on his past conduct in his role as an advocate of the court and his activities which were "intimately associated with the judicial phase of the criminal process."[14] Prosecutor Laws prevailed on a motion for judgment on the pleadings, which is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss.[15] Plaintiff should not be permitted to make impertinent and defamatory allegations against Prosecutor Laws when he has been dismissed as a defendant from the case.

---

[14] ECF No. 63, p. 6.
[15] Fed. R. Civ. P. 12(c).

4

1.  <u>**The references to Prosecutor Laws are defamatory and irrelevant.**</u>

In *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005), the Court granted a motion to dismiss Plaintiff's briefs which did "little more than attempt to impugn (without basis) the integrity of the district judge."  Although Prosecutor Laws is not a judge, the references to him in the Amended Complaint are immaterial to Plaintiff's claims and the assertions are misleading and scandalous within the meaning of Rule 12(f).  A scandalous matter is one that "is both grossly disgraceful (or defamatory) and irrelevant to the action of defense. *Hogan v. Utah Telecomm. Open Infrastructure Agency*, Case No. 1:11CV-64 TS (D. Utah Oct 18, 2011) (quoting Black's Law Dictionary).

Although Plaintiff notes that "she made limited changes to the Amended Complaint in that she has removed Defendant Laws and Odell from the caption and deleted the causes of action against those defendants from the body of the pleading," Plaintiff failed to remove multiple references to Prosecutor Laws and the defamatory references remain scattered throughout the pleading.[16]  The current motion centers on striking portions of Plaintiff's Amended Complaint which identifies Prosecutor Laws by name and describes his actions as being "misrepresentations," "made up allegations," "statements that were utterly false," "falsehood," "fabrication," factual misstatements," and "with no other rational explanation." The defamatory references to Prosecutor Laws should be stricken as the statements are not necessary for Plaintiff to proceed with her claims against San Juan County.  Although Prosecutor Laws prevailed on his motion for judgment on the pleadings, he is still the focus of Plaintiff's pleadings in a defamatory and disparaging way.

---

[16] ECF No. 120, footnote 1.

5

The defamatory paragraphs and statements read as follows:

Preliminary Statement ¶ 4.  This charge was based solely upon factual misrepresentations
by **defendant Laws,** acting as a complaining witness. Upon information and belief, Laws made
such misrepresentations in retaliation for Ms. Chilcoat's political viewpoints, including her
earlier public support for criminal prosecution of a friend of **Laws**, (then-San Juan
Commissioner) Phil Lyman.

Factual Background ¶ 26 (j).  At a meeting among **San Juan County Attorney Kendall
Laws**, Wilcox, and Begay, **Kendall Laws** instructed Deputy Begay to conduct further research
into Great Old Broads for Wilderness.

Factual Background ¶ 26 (l).  On April 13, 2017 – shortly before additional felony
charges were brought against Ms. Chilcoat – **County Attorney Kendall Laws** received an email
expressing disappointment at the initial charges that were brought.  The email encouraged **Laws**
to bring more serious charges against Chilcoat, and suggested making Chilcoat an example
because it could be the only "shot" at an environmentalist. In response to a May 2020 subpoena
issued in this case, the County produced a copy of this email. The name of the sender was
redacted (despite the absence of a basis for redacting the name of a citizen communicating with a
public official about a non-personal matter). In his deposition, **Mr. Laws** stated the name of the
sender.

Factual Background ¶ 31.  Wilcox took the statement by Odell (and one of another
rancher present, Zeb Dalton) to **Defendant Laws (who is the San Juan County Prosecutor)** on
April 7, 2017, and gave **Laws** "the information [he] found about the Great Old Broads for
Wilderness's stance on public grazing." **Laws** told Wilcox he would "get the charges filed as
soon as he could."

Factual Background ¶ 35.  In an attempt to secure a bindover, **Mr. Laws** made this
factual misrepresentation to the court: "So the side that – the other false allegation that is made in
the complaint is with regards to the scope of these repairs to ponds and things like that. And
there would be sufficient evidence to show that some of the exhibits that were presented [by Ms.
Chilcoat to the BLM] with that letter were embellished or changed, altered to make those repairs
look worse than they are. So, yeah, if you want to take the assault out, I think there's more than
enough to move forward."

Factual Background ¶ 36.  This statement was utterly false. **Laws** knew that no one had
told him, and he had no evidence whatsoever, that Ms. Chilcoat had altered the photographs
attached to her April 5 email. **Laws** did not identify any source of this falsehood, which was
wholly of his own fabrication.

Factual Background ¶ 37.  Based solely upon **Laws'** factual misstatement, the court
stated that it would bind Ms. Chilcoat over on the witness retaliation charge. However, it warned
**Laws**: So the only way you can proceed on that one is that – and also when people make

6

complaints to government agencies, they have to be able to make complaints to government
agencies in good faith. So the only way, without that being considered retaliation, so the only
way you can proceed on that one is a non-good faith, non-good faith information outside of the
assault, the use of the word assault. You said you want to do it and I'll let you have a crack at it.
So, I'll bind over count two, but with that warning that that's what it's going to be limited to that
theory.

<u>Factual Background</u> ¶ 39.  On April 24, 2018, the trial court again warned Laws that,
with respect to the retaliation charge, **Laws** would "have to show that Ms. Chilcoat used a
corrupt means; such as telling the BLM something she knew was not true."

<u>Factual Background</u> ¶ 40.  One week later, on May 1, 2018, **Laws** dropped the retaliation
charge against Ms. Chilcoat. It is a reasonable inference that **Laws** dropped this charge because
he knew he had never had any basis for his factual (mis)statement that Ms. Chilcoat had
submitted altered photographs to the BLM, and that he had made up the allegation.

<u>Footnote 4, p. 15.</u>  See also Response in Opposition to Defendants' Motion to Quash
Bindover, April 13, 2018, p. 2 (**Laws** acknowledging that "[t]he Court imposed significant
limitations on the theory in which the State can pursue count 2 (Retaliation against a witness,
victim, or informant). The Court will allow testimony on this charge but limited that testimony to
using photographs that misrepresent the truth and prohibited the State from admitting evidence
with regards to the language of the letter indicating that Odell used 'assaultive behavior'.")
(emphasis added).

<u>Factual Background</u> ¶ 41(a)(b)(c).  Although Ms. Chilcoat is not required to prove a
reason for **Laws'** conduct, it is a reasonable inference that he took the challenged actions in
retaliation for Ms. Chilcoat's political and environmental advocacy, including Ms. Chilcoat's
support for criminal charges against a friend of **Laws,** former County Commissioner Phillip
Lyman. Evidence suggesting such a motive includes:

      a.      On May 10, 2014, **Laws'** friend Lyman had led a protest ride of off-road vehicles
through Recapture Canyon, leading to his conviction the next year on federal criminal conspiracy
charges. Ms. Chilcoat had publicly applauded the conviction in local news media, and Lyman
had publicly blamed Ms. Chilcoat for his criminal conviction. In connection with these events,
**Defendant Laws** posted on Facebook that he was "proud" of his friendship with Mr. Lyman,
and asked supporters of Lyman's criminal prosecution not to post that "crap" on his Facebook
page.

      b.      Charges were not filed until after Sgt. Wilcox had given **Laws** a copy of the Great
Old Broads website pages and related information about Ms. Chilcoat's involvement with the
organization. Sgt. Wilcox testified that he reviewed the website a "couple of times."

      c.      There is no other rational explanation for why **Laws** would make such a blatant
factual misrepresentation.

SL_6636882.1

Factual Background ¶ 42.  **Laws'** factual misrepresentation was material. As stated above, the misrepresentation was the sole basis upon which the prosecution was able to obtain a bindover on the witness retaliation charge.

Factual Background ¶ 43.  By making a factual misstatement for the purpose of obtaining or maintaining a criminal charge, **Laws** was performing a function equivalent or analogous to that of a complaining witness. **Laws** was not evaluating evidence; he was fabricating evidence and/or falsely representing that he had evidence when he knew that he did not. Accordingly, his actions are not within the scope of prosecutorial immunity.

Factual Background ¶ 44.  Alternatively, if **Defendant Laws** did not wholly fabricate the statement that the photographs submitted by Ms. Chilcoat had been altered, then the only source for that falsehood would have been Odell. Odell would then be a complaining witness who had made materially false statements in order to procure a felony retaliation charge against Ms. Chilcoat.

Factual Background ¶ 53.  Even after dismissal of the charges, people continue to believe the false information spread by Odell and **Laws**.

First Claim For Relief  ¶ 79.   At the time that **Laws** made the false factual statements described above, he was acting in the capacity as a final decision-making authority for San Juan County. **Laws** was not acting for or on behalf of the State of Utah in his actions as a complaining witness.

## 2.  **The Court can *sua sponte* strike the inflammatory portions of the Amended Complaint if the motion has merit.**

In the instant case, Plaintiff's Amended Complaint was filed on September 15, 2022.  San Juan County acknowledges that they have already filed an Answer to the Amended Complaint in their desire to comply with procedural timing requirements.[17]  Around the same time-frame that the Amended Complaint was filed, San Juan County contemplated filing a petition for a writ of certiorari on this case, which was subsequently filed, considered, and denied.  However, having already filed an Answer does not prohibit the Court from taking action to address "any

---

[17] ECF No. 121.

SL_6636882.1

redundant, immaterial, impertinent, or scandalous" matters in the complaint on its own.  Fed. R. Civ. P. 12(f)(1).

Moreover, untimeliness is not fatal to a Rule 12(f) Motion.  *Balon v. Enhanced Recovery Company, In*c., 316 F.R. D. 96, 99 (M.D. Pa. 2016) (granting an untimely Motion to Strike because the Court found striking was warranted on the merits.)  The Court may still consider and grant untimely motions to strike if they are appropriate and therefore "the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure, § 1380 (3d Ed. 2004)).

"[I]f the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (citing Fed. R. Civ. P. 12(f) ("[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")).

## CONCLUSION

For the foregoing reasons, San Juan County Defendants respectfully request that the Court strike any defamatory references to Prosecutor Kendall Laws in the Amended Complaint.

DATED: May 7, 2024.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. BLAKE HAMILTON
ASHLEY M. GREGSON
Attorneys for Defendant

SL_6636882.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of May, 2024, via electronic filing with the court, which served counsel of record, as follows:

Karra J. Porter
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Karra.porter@chrisjen.com
Anna.christiansen@chrisjen.com

Patrick A. Shea
PATRICK A. SHEA, P.C.
252 South 1300 East, Suite A
Salt Lake City, Utah 84102
pas@patshealaw.com

/s/ *Melani Thatcher*
MELANI THATCHER
Paralegal

SL_6636882.1