# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>            Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE**<br><br>Civil No.: 4:19-cv-00027-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant San Juan County filed the Motion to Strike Defamatory References to Kendall Laws in Amended Complaint ("Motion").[1] The Motion seeks to strike "any defamatory references to Prosecutor Kendall Laws ("Laws") in the Amended Complaint."[2] Plaintiff Rosalie Chilcoat ("Chilcoat") filed an Opposition[3] and County filed a Reply.[4] As explained below, the Motion is DENIED because it is untimely and San Juan County failed to carry its burden.

---

[1] Docket no. 129, filed May 7, 2024.

[2] *Id.* at 9.

[3] Memorandum in Opposition to Defendant's "Motion to Strike Defamatory References to Kendall Laws in Amended Complaint" ("Opposition"), docket no. 133, filed May 24, 2024.

[4] Reply in Support of Motion to Strike Defamatory References to Kendall Laws in Amended Complaint, docket no. 134, filed May 31, 2024.

## THE MOTION IS UNTIMELY

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) allows the court to act "on its own; or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[5]

The Amended Complaint was filed September 15, 2022.[6] San Juan County filed an Answer to Amended Complaint two weeks later on September 29, 2022,[7] but did not file the Motion for roughly 18 months, filing in May 2024. The Motion is untimely. There is no reason for the court to act on its own.

## SAN JUAN COUNTY FAILS TO DEMONSTRATE STRIKING MATERIAL FROM THE AMENDED COMPLAINT IS APPROPRIATE

As the party seeking to strike material from the Amended Complaint, San Juan County bears a "heavy burden, because motions to strike are generally disfavored, and are infrequently granted."[8] To carry its burden, San Juan County was required to demonstrate the material it seeks to strike is "redundant, immaterial, impertinent, or scandalous . . . ."[9] Courts in this circuit have explained that that allegations are immaterial only if they are wholly unrelated to the case:

---

[5] Fed. R. Civ. P. 12(f).

[6] Docket no. 120, filed September 15, 2022.

[7] Docket no. 121, filed September 29, 2022.

[8] *Zemaitiene v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, No. 2:16-CV-1271, 2019 WL 10817152, at *1 (D. Utah June 19, 2019).

[9] Fed. R. Civ. P. 12(f).

"[a]llegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."[10] Parties generally must also show prejudice to succeed on a motion to strike.[11]

San Juan County argues that "Plaintiff should not be permitted to make impertinent and defamatory allegations against Prosecutor Laws when he has been dismissed . . . ."[12] But San Juan County does not explain why the allegations are "defamatory" beyond self-serving conclusory statements, nor does San Juan County explain or cite relevant case authorities demonstrating the material it seeks to strike is immaterial.[13] San Juan County lists sixteen sections of the Amended Complaint it seeks to strike without any specific explanation regarding any the material the County seeks stricken.[14] Even after Chilcoat pointed out this deficiency in the Opposition,[15] San Juan County's Reply briefing did not explain any specific reasons for striking and repeats conclusions without significant substantive analysis.

San Juan County improperly concludes that Law's dismissal from the case on immunity grounds is some recognition that facts related to Law's conduct are no longer material to the

---

[10] *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997); *see also Zemaitiene*, 2019 WL 10817152, at *1.

[11] *Id.*

[12] Motion at 4.

[13] San Juan County's reference to *Garrett v. Shelby Connor Maddux & Janner*, 425 F.3d 836 (10th Cir. 2005) is inapposite. In *Garrett*, the court noted the brief was full of personal attacks on the judge such as that the judge "presumed himself to be God Almighty," had an "obsession with hurting people for money," and was "either so dumb he is pathetic" or an "out and out crook". *Id.* at 839. None of the material San Juan County seeks to strike is similar to the material in *Garrett.*

[14] Motion at 6-8.

[15] Opposition at 4.

remaining municipal liability claim.[16] But in finding a plausible claim in the Amended Complaint, the Tenth Circuit discussed the intertwined timing of the closed meeting of county commissioners and Law's conduct in charging Chilcoat and the "reasonable inference that this secret, closed-door meeting affected the decision to bring criminal charges . . . ."[17] Law's conduct is not so unrelated to the remaining claim to justify striking the references from the Amended Complaint. San Juan County has failed to carry its burden that the references to Laws it seeks to have stricken are immaterial.

Additionally, San Juan County does not substantively address prejudice it will face if the allegations about Laws are allowed to remain in the Amended Complaint. Any argument about prejudice is severely undercut by the delay in the filing of the Motion.

## ORDER

IT IS HEREBY ORDERED that the Motion[18] is DENIED.

Signed April 17, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[16] Reply at 3-4.

[17] *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1219-20 (10th Cir. 2022).

[18] Docket no. 129, filed May 7, 2024.