APPEAL,CLOSED,LOC_SGU

Email All Attys
Email All Attys and Secondary Emails

## US District Court Electronic Case Filing System
## District of Utah (Southern Region)
## CIVIL DOCKET FOR CASE #: <u>4:19–cv–00027–DN</u>

Chilcoat v. San Juan County et al
Assigned to: Judge David Nuffer
 Case in other court:  Supreme Court of the United States, 22–00724
Cause: 42:1983 Civil Rights Act

Date Filed: 04/10/2019
Date Terminated: 10/30/2025
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Rosalie Chilcoat**
*an individual*

represented by **John M. Mejia**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
801–323–5000
Email: john.mejia@chrisjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 13965*
*Bar Status: Active*

**Karra J. Porter**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
(801)323–5000
Email: karra.porter@chrisjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 5223*
*Bar Status: Active*

**M. Tanner Clagett**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
801–323–5000
Email: tanner.clagett@chrisjen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 15823*
*Bar Status: Active*

**Jacob W. Macfarlane**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100

1

SALT LAKE CITY, UT 84111
(801)323−5000
Email: jake@macfarlanelegalworks.com
*TERMINATED: 09/26/2025*
*Bar Number: 13287*
*Bar Status:* ***RegLapsed***

**John D. Lauritzen**
WHOLESOMECO INC
580 W 100 N STE 1
WEST BOUNTIFUL, UT 84010
801−599−3262
Email: jd.lauritzen@wholesome.co
*TERMINATED: 09/26/2025*
*Bar Number: 14237*
*Bar Status: Active*

**Kristen C. Kiburtz**
CHRISTENSEN & JENSEN PC
257 E 200 S STE 1100
SALT LAKE CITY, UT 84111
(801)323−5000
Email: kristen.kiburtz@chrisjen.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 12572*
*Bar Status: Active*

**Patrick A. Shea**
PATRICK A SHEA PC
252 S 1300 E STE A
SALT LAKE CITY, UT 84102
801−582−0949
Email: pas@patshealaw.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 2929*
*Bar Status:* ***RegLapsed***

V.

**Defendant**

**San Juan County**                      represented by    **R. Blake Hamilton**
*a political subdivision of the state of*                  DENTONS DURHAM JONES &
*Utah*                                                     PINEGAR PC
                                                           111 S MAIN ST STE 2400
                                                           PO BOX 4050
                                                           SALT LAKE CITY, UT 84110−4050
                                                           (801)415−3000
                                                           Email: blake.hamilton@dentons.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           *Bar Number: 11395*

*Bar Status: Active*

**Ashley M. Gregson**
DENTONS DURHAM JONES &
PINEGAR PC
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110–4050
(801)415–3000
Email: ashley.gregson@dentons.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 13716*
*Bar Status: Active*

**Ryan M. Stephens**
DENTONS DURHAM JONES &
PINEGAR PC
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110–4050
(801)415–3000
Email: rstephens@strongandhanni.com
*TERMINATED: 12/15/2021*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16336*
*Bar Status: Active*

**Defendant**

**Kendall G. Laws**                    represented by    **R. Blake Hamilton**
*TERMINATED: 09/15/2022*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 11395*
                                                        *Bar Status: Active*

                                                        **Ashley M. Gregson**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 13716*
                                                        *Bar Status: Active*

                                                        **Ryan M. Stephens**
                                                        (See above for address)
                                                        *TERMINATED: 12/15/2021*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Bar Number: 16336*
                                                        *Bar Status: Active*

**Defendant**

**Zane Odell**                         represented by    **Jay M. Philpot**
*TERMINATED: 09/15/2022*                                JM PHILPOT LAW

620 E 100 N
ALPINE, UT 84004
(801)891–4499
Email: jmorganphilpot@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11855*
*Bar Status:* ***RegLapsed***

**Lorne Grant Hiller**
FREEMAN MATHIS & GARY LLP
ROUNDABOUT PLAZA
1600 DIVISION ST STE 590
NASHVILLE, TN 37203
615–208–5899
Email: lorne.hiller@fmglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16365*
*Bar Status: Active*

**Benjamin M. Wegener**
WEGENER LANE & EVANS
760 HORIZON DR STE 101
GRAND JUNCTION, CO 81506
970–242–2645
Email: ben@wegscar.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Counter Claimant**

**Zane Odell**                          represented by  **Jay M. Philpot**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11855*
*Bar Status:* ***RegLapsed***

**Lorne Grant Hiller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 16365*
*Bar Status: Active*

**Benjamin M. Wegener**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

V.

**Counter Defendant**

**Mark Franklin**                    represented by    **David S. Bridge**
                                                       MOUNTAIN AMERICA CREDIT
                                                       UNION
                                                       9800 S MONROE ST
                                                       SALT LAKE CITY, UT 84070
                                                       385−366−0767
                                                       Email: dbridge@macu.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 9077*
                                                       *Bar Status: Active*

                                                       **Jessica J. Johnston**
                                                       STRONG & HANNI
                                                       9350 S 150 E STE 500
                                                       SALT LAKE CITY, UT 84070
                                                       (801)532−7080
                                                       Email: jjohnston@strongandhanni.com
                                                       *TERMINATED: 03/19/2020*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 14687*
                                                       *Bar Status: **RegLapsed***

                                                       **Kristin A. VanOrman**
                                                       STRONG & HANNI
                                                       9350 S 150 E STE 500
                                                       SALT LAKE CITY, UT 84070
                                                       (801) 532−7080
                                                       Email: kvanorman@strongandhanni.com
                                                       *TERMINATED: 03/19/2020*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 7333*
                                                       *Bar Status: Active*

**Counter Defendant**

**Rosalie Chilcoat**                 represented by    **David S. Bridge**
*an individual*                                        (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Number: 9077*
                                                       *Bar Status: Active*

                                                       **Karra J. Porter**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Number: 5223*
*Bar Status: Active*

**Kristin A. VanOrman**
(See above for address)
*TERMINATED: 03/19/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 7333*
*Bar Status: Active*

**Jacob W. Macfarlane**
(See above for address)
*TERMINATED: 09/26/2025*
*Bar Number: 13287*
*Bar Status: **RegLapsed***

**Jessica J. Johnston**
(See above for address)
*TERMINATED: 03/19/2020*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14687*
*Bar Status: **RegLapsed***

**John D. Lauritzen**
(See above for address)
*TERMINATED: 09/26/2025*
*Bar Number: 14237*
*Bar Status: Active*

**Patrick A. Shea**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 2929*
*Bar Status: **RegLapsed***

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2019 | 1 | Case has been indexed and assigned to Judge David Nuffer. Plaintiff Rosalie Chilcoat is directed to E–File the Complaint  and cover sheet (found under Complaints and Other Initiating Documents) and pay the filing fee of $ 400.00 by the end of the business day. <br> NOTE: The court will not have jurisdiction until the opening document is electronically filed and the filing fee paid in the CM/ECF system. <br> Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance. (nl) (Entered: 04/10/2019) |
| 04/10/2019 | 2 | COMPLAINT *and Jury Demand* against Kendall G. Laws, Zane Odell, San Juan County (Filing fee $ 400, receipt number 1088–3247509) filed by Rosalie Chilcoat. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet) Assigned to Judge David |

| | | |
|---|---|---|
| | | Nuffer (Porter, Karra) (Entered: 04/10/2019) |
| 04/11/2019 | 3 | ORDER TO PROPOSE SCHEDULE – Plaintiff must propose a schedule to defendant in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen (14) days after any defendant has appeared or twenty–eight (28) days after any defendant has been served with the complaint. See order for additional instructions. Signed by Judge David Nuffer on 4/11/19 (alt) (Entered: 04/11/2019) |
| 04/11/2019 | 4 | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Paul Kohler under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. So ordered by Judge David Nuffer on 4/11/19 (docket text only – no attached document) (alt) (Entered: 04/11/2019) |
| 05/02/2019 | 5 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to San Juan County.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (nl) (Entered: 05/02/2019) |
| 05/02/2019 | 6 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Kendall G. Laws.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (nl) (Entered: 05/02/2019) |
| 05/02/2019 | 7 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Zane Odell.<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (nl) (Entered: 05/02/2019) |
| 05/31/2019 | 8 | Defendant's MOTION for Extension of Time to File Answer re 2 Complaint, filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order Order re: Defendant Zane Odell's Unopposed Motion for Extension of Time to Provide Response to Plaintiff's Complaint) Motions referred to Paul Kohler. Attorney Lorne Grant Hiller added to party Zane Odell(pty:dft)(Hiller, Lorne) (Entered: 05/31/2019) |
| 06/03/2019 | 9 | CLERKS ORDER re 8 MOTION for Extension of Time to File Answer re 2 Complaint; signed by AWM, Chief Deputy Clerk, Answer deadline updated for Zane Odell – answer due 6/18/2019 (alt) (Entered: 06/03/2019) |
| 06/03/2019 | 10 | ANSWER to Complaint with Jury Demand filed by Kendall G. Laws, San Juan County. Attorney R. Blake Hamilton added to party Kendall G. Laws(pty:dft), Attorney R. Blake Hamilton added to party San Juan County(pty:dft)(Hamilton, R.) (Entered: 06/03/2019) |
| 06/04/2019 | 11 | **NOTICE OF HEARING**:<br><br>Case Management Conference set for Thursday, 8/8/2019 at 11:00 AM in Room 2B (St George) before Judge David Nuffer. The Attorney Planning Meeting Report must be filed and the Proposed Scheduling Order must be emailed in word processing format to dj.nuffer@utd.uscourts.gov at least one week before the Conference. |

| | | Court Address: 206 West Tabernacle, St George, Utah (asb) (Entered: 06/04/2019) |
|---|---|---|
| 06/18/2019 | 12 | Second MOTION for Extension of Time to File Answer re 2 Complaint, filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order re: Defendant Zane Odell's Second Unopposed Motion for Extension of Time to Provide Response to Plaintiff's Complaint) Motions referred to Paul Kohler.(Hiller, Lorne) (Entered: 06/18/2019) |
| 06/19/2019 | 13 | ORDER granting 12 Motion for Extension of Time to Answer re 2 Complaint. Answer deadline updated for Zane Odell – answer due 7/2/2019. Signed by Magistrate Judge Paul Kohler on 6/19/19 (alt) (Entered: 06/19/2019) |
| 07/01/2019 | 14 | NOTICE of Appearance by Jay M. Philpot on behalf of Zane Odell (Philpot, Jay) (Entered: 07/01/2019) |
| 07/01/2019 | 15 | Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 07/01/2019) |
| 07/03/2019 | 16 | **AMENDED NOTICE OF HEARING**: <br><br> Case Management Conference re−set for 8/22/2019 at 11:00 AM in Room 2B (St George) before Judge David Nuffer. The Attorney Planning Meeting Report must be filed and the Proposed Scheduling Order must be emailed in word processing format to dj.nuffer@utd.uscourts.gov at least one week before the Conference. <br><br> **NOTE: THIS HEARING WILL BE HELD IN CONJUNCTION WITH THE MOTION HEARING re: 15 MOTION TO DISMISS.** (rlr) (Entered: 07/03/2019) |
| 07/03/2019 | 17 | **NOTICE OF HEARING ON MOTION** re: 15 Defendant's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . Motion Hearing set for 8/22/2019 at 11:00 AM in Room 2B (St George) before Judge David Nuffer. <br><br> **NOTE: THIS HEARING WILL BE HELD IN CONJUNCTION WITH THE CASE MANAGEMENT CONFERENCE.** (rlr) (Entered: 07/03/2019) |
| 07/05/2019 | 18 | NOTICE of Appearance by Ashley M. Gregson on behalf of Kendall G. Laws, San Juan County (Gregson, Ashley) (Entered: 07/05/2019) |
| 07/08/2019 | 19 | MOTION for Admission Pro Hac Vice of Benjamin M. Wegener , Registration fee $ 250, receipt number 1088−3318818, filed by Defendant Zane Odell. (Attachments: # 1 Exhibit A – Application for Pro Hac Vice Admission, # 2 Exhibit B – Oder for Pro Hac Vice Admission)(Hiller, Lorne) (Entered: 07/08/2019) |
| 07/09/2019 | 20 | DOCKET TEXT ORDER granting 19 Motion for Admission Pro Hac Vice of Benjamin M. Wegener for Zane Odell. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* So ordered by Magistrate Judge Paul Kohler on 7/8/19 (docket text only – no attached document) (alt) (Entered: 07/09/2019) |
| 07/10/2019 | 21 | MOTION for Judgment on the Pleadings and Memorandum in Support filed by Defendants Kendall G. Laws, San Juan County. (Attachments: # 1 Exhibit A – Transcript of Preliminary Injunction Hearing)(Hamilton, R.) (Entered: 07/10/2019) |
| 07/15/2019 | 22 | |

| | | |
|---|---|---|
| | | Stipulated MOTION to Continue Case Management Conference and Motions Hearing filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order re Stipulated Motion to Continue Case Management Conference and Motions Hearing) Motions referred to Paul Kohler.(Hiller, Lorne) (Entered: 07/15/2019) |
| 07/15/2019 | 23 | ORDER granting 22 Motion to Continue Hearings. Signed by Magistrate Judge Paul Kohler on 7/15/19 (alt) (Entered: 07/15/2019) |
| 07/15/2019 | | **Reset Hearings per 23 Order:** Case Management Conference reset for 9/5/2019 at 09:00 AM in Room 2B (St George) before Judge David Nuffer; Motion Hearing on 15 Defendant's MOTION to Dismiss for Failure to State a Claim, 21 MOTION for Judgment on the Pleadings reset for 9/5/2019 at 09:00 AM in Room 2B (St George) before Judge David Nuffer (alt) (Entered: 07/15/2019) |
| 07/25/2019 | 24 | Stipulated MOTION for Telephonic Hearing filed by Defendants Kendall G. Laws, San Juan County. (Attachments: # 1 Text of Proposed Order Proposed Order) Motions referred to Paul Kohler.(Hamilton, R.) Modified on 7/29/2019: updated motion relief to reflect relief motion requested in motion (alt) (Entered: 07/25/2019) |
| 07/29/2019 | 25 | ORDER denying 24 Motion for Telephonic Hearing. Signed by Magistrate Judge Paul Kohler on 7/29/19 (alt) (Entered: 07/29/2019) |
| 07/29/2019 | | **Reset Hearings per 25 Order:** Case Management Conference reset for 10/3/2019 at 11:00 AM in Room 2B (St George) before Judge David Nuffer. Motion Hearing on 15 Defendant's MOTION to Dismiss for Failure to State a Claim, 21 MOTION for Judgment on the Pleadings reset for for 10/3/2019 at 11:00 AM in Room 2B (St George) before Judge David Nuffer. (alt) (Entered: 07/29/2019) |
| 07/29/2019 | 26 | MEMORANDUM in Opposition re 15 Defendant's MOTION to Dismiss for Failure to State a Claim filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 07/29/2019) |
| 08/07/2019 | 27 | Stipulated MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Judgment on the Pleadings filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order Proposed Order on Stipulated Motion for Extension of Time) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 08/07/2019) |
| 08/12/2019 | 28 | Defendant's REPLY to Response to Motion re 15 Defendant's MOTION to Dismiss for Failure to State a Claim filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 08/12/2019) |
| 08/14/2019 | 29 | MEMORANDUM in Opposition re 21 MOTION for Judgment on the Pleadings filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 08/14/2019) |
| 08/20/2019 | 30 | ORDER granting 27 Motion for Extension of Time to File Response/Reply re 21 MOTION for Judgment on the Pleadings: Response due by 8/14/2019. Signed by Magistrate Judge Paul Kohler on 8/20/19 (alt) (Entered: 08/20/2019) |
| 08/26/2019 | 31 | Stipulated MOTION for Extension of Time to File Response/Reply as to 21 MOTION for Judgment on the Pleadings and Memorandum in Support filed by Defendants Kendall G. Laws, San Juan County. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Hamilton, R.) (Entered: 08/26/2019) |
| 08/28/2019 | 32 | ORDER granting 31 Motion for Extension of Time to File Response/Reply re 21 MOTION for Judgment on the Pleadings: Reply memo due by 8/30/2019. Signed by |

| | | |
|---|---|---|
| | | Magistrate Judge Paul Kohler on 8/28/19 (alt) (Entered: 08/28/2019) |
| 08/30/2019 | 33 | REPLY to Response to Motion re 21 MOTION for Judgment on the Pleadings filed by Defendants Kendall G. Laws, San Juan County. (Hamilton, R.) (Entered: 08/30/2019) |
| 09/27/2019 | 34 | REPORT OF ATTORNEY PLANNING MEETING. (Attachments: # 1 Text of Proposed Order – Scheduling Order)(Macfarlane, Jacob) (Entered: 09/27/2019) |
| 09/28/2019 | 35 | NOTICE FROM THE COURT re 21 MOTION for Judgment on the Pleadings, 15 Defendant's MOTION to Dismiss for Failure to State a Claim. Due to a conflict in the calendar, the hearings on these motions will be reset for Wednesday October 30, 2019, at 1:30 pm. (DN) (Entered: 09/28/2019) |
| 09/28/2019 | | Deadlines/Hearings terminated., Set/Reset Deadlines as to 15 Defendant's MOTION to Dismiss for Failure to State a Claim, 21 MOTION for Judgment on the Pleadings.( Motion Hearing set for 10/30/2019 at 01:30 PM in Room 2B (St George) before Judge David Nuffer.) (DN) (Entered: 09/28/2019) |
| 09/28/2019 | | **Set/Reset Hearings:** Case Management Conference set for 10/30/2019 at 01:30 PM in Room 2B (St George) before Judge David Nuffer. (DN) (Entered: 09/28/2019) |
| 10/07/2019 | 36 | SCHEDULING ORDER: Amended Pleadings due by 12/1/2019. Joinder of Parties due by 12/1/2019. Motions due by 6/1/2020. Final Pretrial Conference set for 3/4/2021 at 08:30 AM in Room 2B (St George) before Judge David Nuffer. 4–5 Day Jury Trial set for 3/15/2021 at 08:15 AM in Room 2B (St George) before Judge David Nuffer. Signed by Magistrate Judge Paul Kohler on 10/5/19 (alt) (Entered: 10/07/2019) |
| 10/21/2019 | 37 | DOCKET TEXT ORDER re 33 Reply Memorandum in Support of San Juan County Defendants' 21 Motion for Judgment on the Pleadings ("Reply"), filed by San Juan County and Kendall G. Laws ("County Defendants"). By no later than 4:00 P.M. on Monday, October 28, 2019, Plaintiff may file a supplemental opposition memorandum of not more than three pages, addressing (1) the County Defendants' arguments on pages 8 and 9 of their 33 Reply regarding the survival of Plaintiff's request for declaratory relief, if judgment on the pleadings is otherwise granted to the County Defendants on the basis of absolute prosecutorial immunity, and (2) cases indicating that a section 1983 "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). No attached document Signed by Judge David Nuffer on October 21, 2019. (jaw) (Entered: 10/21/2019) |
| 10/23/2019 | 38 | NOTICE of Appearance by Ryan M. Stephens on behalf of Kendall G. Laws, San Juan County (Stephens, Ryan) (Entered: 10/23/2019) |
| 10/28/2019 | 39 | MEMORANDUM in Opposition re 21 MOTION for Judgment on the Pleadings filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 10/28/2019) |
| 10/30/2019 | 40 | Minute Order. Proceedings held before Judge David Nuffer: Counsel present for parties. Arguments heard on the motion to dismiss and motion for judgment on the pleadings. Court made findings on the record. DENYING 15 Motion to Dismiss for Failure to State a Claim ; GRANTING 21 Motion for Judgment on the Pleadings. Mr. Hamilton to draft the order on judgment on pleadings. Ms. Porter to draft the |

| | | |
|---|---|---|
| | | order on motion to dismiss. Deadlines for submissions for exchange of the proposed orders 11/23/2019. Objections/redlines to be completed by 12/2/2019. Scheduling discussed. Location of future hearings discussed. Any discovery/deposition disputes will be before Judge Paul Kohler. Court adjourned. Motion Hearing held on 10/30/2019 re 21 MOTION for Judgment on the Pleadings filed by San Juan County, Kendall G. Laws, 15 Defendant's MOTION to Dismiss for Failure to State a Claim filed by Zane Odell ; Case Management Conference held on 10/30/2019. Written Order to follow oral order: Yes. Attorney for Plaintiff: Karra Porter, Jacob Macfarlane, Attorney for Defendant Hiller, Blake Hamilton. Court Reporter: Kelly Hicken.(Time Start: 1:31, Time End: 3:03, Room SG 2B.) (asb) (Entered: 10/30/2019) |
| 11/12/2019 | 41 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on October 30, 2019 before Judge David Nuffer. Court Reporter/Transcriber Kelly Brown Hicken, RPR, RMR, Telephone number 801–521–7238. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** <br><br> Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/3/2019. Redacted Transcript Deadline set for 12/13/2019. Release of Transcript Restriction set for 2/10/2020. (jmr) Modified by removing restricted text on 2/10/2020 (rgj). (Entered: 11/12/2019) |
| 11/13/2019 | 43 | ANSWER to Complaint with Jury Demand filed by Zane Odell.(Philpot, Jay) Modified on 12/5/2019: document has been filed again as 47 Counterclaim against plaintiff and newly added party who did not file the complaint (alt) (Entered: 11/13/2019) |
| 11/13/2019 | 47 | COUNTERCLAIM against Rosalie Chilcoat, Mark Franklin filed by Zane Odell (alt) (Entered: 12/05/2019) |
| 12/02/2019 | 44 | NOTICE of Filing of San Juan County Defendants' Proposed Order and Plaintiff's Redlines/Objections to Defendants' Proposed Order by Kendall G. Laws, San Juan County (Attachments: # 1 Exhibit A– San Juan County Defendants' Proposed Order, # 2 Exhibit B– Plaintiff's Red Line Changes to Proposed Order) (Hamilton, R.) (Entered: 12/02/2019) |
| 12/02/2019 | 45 | NOTICE OF FILING of Memorandum Decision and Order Denying Defendant Zane Odell's Motion to Dismiss filed by Plaintiff Rosalie Chilcoat. (Macfarlane, Jacob) (Entered: 12/02/2019) |
| 12/04/2019 | 46 | NOTICE OF FILING of Plaintiff Rose Chilcoat's Answer to Counterclaim re 43 Answer to Complaint *and Counterclaim by Counterclaim Plaintiff, Zane Odell* filed by Plaintiff Rosalie Chilcoat. (Macfarlane, Jacob) (Entered: 12/04/2019) |

| 12/05/2019 | | Modification of Docket re 43 Answer to Complaint. Error: Filer did not file the Counterclaim, only the Answer to Complaint as counterclaiming against a non−party required having that party added prior to filing. Correction: The Counterclaim has been filed as a separate entry 47 and 43 entry text corrected to reflect that it is only the Answer entry. (alt) (Entered: 12/05/2019) |
| 12/05/2019 | 48 | ANSWER to 47 Counterclaim filed by Rosalie Chilcoat.(Porter, Karra) (Entered: 12/05/2019) |
| 01/03/2020 | 49 | NOTICE of Appearance by Kristin A. VanOrman on behalf of Rosalie Chilcoat (VanOrman, Kristin) (Entered: 01/03/2020) |
| 01/03/2020 | 50 | NOTICE of Appearance by Jessica J. Johnston on behalf of Rosalie Chilcoat (Johnston, Jessica) (Entered: 01/03/2020) |
| 01/23/2020 | 51 | Stipulated MOTION for Amended Scheduling Order filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order (Proposed) Order Granting Stipulated Motion to Amend Scheduling Order) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 01/23/2020) |
| 01/23/2020 | 52 | Stipulated MOTION for Leave to File Amended Answer to Counterclaim filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Exhibit Rosalie Chilcoat's Amended Answer to Counterclaim, # 2 Text of Proposed Order (Proposed) Order Granting Stipulated Motion for Leave to Amend Rosalie Chilcoat's Answer to Counterclaim) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 01/23/2020) |
| 02/03/2020 | 53 | DOCKET TEXT ORDER taking under advisement 51 Motion for Amended Scheduling Order.<br><br>This stipulated motion seeks to move the dispositive motion deadline without moving the trial date. It is the Court's scheduling policy that generally five months must be allowed between the dispositive motion deadline and the trial date to allow the motions to be filed, briefed, set, argued and decided before trial preparation starts. A motion or stipulation that does not leave this amount of time will likely not be granted.<br><br>The parties may file a revised stipulated motion leaving the dispositive motion date as now set or agreeing that the trial date may be changed. If such a motion is not filed within seven days, the motion to amend will be denied.<br><br>Signed by Magistrate Judge Paul Kohler on February 3, 2020. No attached document. (jaw) (Entered: 02/03/2020) |
| 02/03/2020 | 54 | ORDER granting 51 Stipulated Motion for Amended Scheduling Order: Discovery due by 6/30/2020. Motions due by 8/1/2020. Signed by Magistrate Judge Paul Kohler on 2/3/2020. (jds) (Entered: 02/03/2020) |
| 02/03/2020 | 55 | ORDER granting 52 Stipulated Motion for Leave to Amend Rosalie Chilcoats Answer to Counterclaim. Signed by Magistrate Judge Paul Kohler on 2/3/2020. (jds) (Entered: 02/03/2020) |
| 02/10/2020 | 56 | **RESTRICTED DOCUMENT**Summons Issued Electronically as to Mark Franklin.<br>Instructions to Counsel:<br>1. Click on the document number. |

12

| | | |
|---|---|---|
| | | 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. 3. Print the issued summons for service. (tlh) (Entered: 02/10/2020) |
| 02/18/2020 | 57 | NOTICE of Appearance by Kristin A. VanOrman on behalf of Mark Franklin (VanOrman, Kristin) (Entered: 02/18/2020) |
| 02/18/2020 | 58 | NOTICE of Appearance by Jessica J. Johnston on behalf of Mark Franklin (Johnston, Jessica) (Entered: 02/18/2020) |
| 02/19/2020 | 59 | DEPOSITION of Zane Odell, Zeb Dalton, Torrence Weaver, Sergeant Rob Wilcox, Deputy Jay Begay, Kendall Laws, Phil Lyman, Monte Wells, Rosalie Chilcoat, Mark Franklin taken on 06/15/20, 06/16/20, 06/16/20, 06/17/20, 06/17/20, 06/18/20, 06/18/20, 06/19/20, 06/22/20, 06/23/20 filed by Plaintiff Rosalie Chilcoat.(Lauritzen, John) (Entered: 02/19/2020) |
| 03/11/2020 | 60 | ANSWER to 47 Counterclaim filed by Mark Franklin.(VanOrman, Kristin) Modified on 3/23/2020: removed incorrectly added text (alt) (Entered: 03/11/2020) |
| 03/19/2020 | 61 | SUBSTITUTION OF COUNSEL David S. Bridge replacing Jessica J. Johnston and Kristin A. VanOrman as counsel on behalf of Rosalie Chilcoat, Mark Franklin. (Bridge, David) (Entered: 03/19/2020) |
| 03/30/2020 | 62 | MEMORANDUM DECISION AND WRITTEN ORDER re 40 Minute Order on 15 Motion to Dismiss for Failure to State a Claim (follows oral order of 10/30/19). Signed by Judge David Nuffer on 3/27/20 (alt) (Entered: 03/30/2020) |
| 03/30/2020 | 63 | MEMORANDUM DECISION AND WRITTEN ORDER re 40 Minute Order on 21 Motion for Judgment on the Pleadings (follows oral order of 10/30/19). Signed by Judge David Nuffer on 3/27/20 (alt) (Entered: 03/30/2020) |
| 07/27/2020 | 64 | Stipulated MOTION for Amended Scheduling Order filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Hiller, Lorne) Modified on 7/28/2020: corrected motion relief and removed unnecessary text (alt) (Entered: 07/27/2020) |
| 07/28/2020 | | Modification of Docket re 64 MOTION for Amended Scheduling Order. Error: filer selected wrong motion relief, "Scheduling Order". Correction: Motion relief corrected to "Amended Scheduling Order" and incorrectly added entry text removed. (alt) (Entered: 07/28/2020) |
| 07/28/2020 | 65 | ORDER granting 64 Motion for Amended Scheduling Order: Discovery due by 9/28/2020. Motions due by 10/15/2020. Signed by Magistrate Judge Paul Kohler on 7/28/20 (alt) (Entered: 07/28/2020) |
| 10/13/2020 | 66 | Stipulated MOTION for Amended Scheduling Order filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Hiller, Lorne) (Entered: 10/13/2020) |
| 10/15/2020 | 67 | MOTION for Summary Judgment filed by Counter Defendants Rosalie Chilcoat, Mark Franklin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Bridge, David) (Entered: 10/15/2020) |
| 10/16/2020 | 68 | ORDER granting 66 Motion to Amend Scheduling Order: Motions due by 10/23/2020. Signed by Magistrate Judge Paul Kohler on 10/15/20 (alt) (Entered: 10/16/2020) |

| | | |
|---|---|---|
| 10/16/2020 | 69 | MOTION for Summary Judgment and Memorandum in Support filed by Defendant Zane Odell. (Attachments: # 1 Appendix Appendix to Motion for Summary Judgment, # 2 Exhibit A–Deposition Transcript of Mark Franklin, # 3 Exhibit B–Deposition Transcript of Zane Odell, # 4 Exhibit C–San Juan County Sheriffs Office Deputy Report, # 5 Exhibit D–Transcript of Deposition of Robert Wilcox, # 6 Exhibit E–Official Transcript of December 3 2018 Oral Arguments, # 7 Exhibit F–Zane Odell Voluntary Statement Form, # 8 Exhibit G–Transcript of Deposition of Zebediah Dalton, # 9 Exhibit H–Transcript of Rosalie Chilcoat, # 10 Exhibit I–Roses Narrative–Incident on Lime Ridge, # 11 Exhibit K–Affidavit of Zane Odell, # 12 Exhibit M–Transcript of Deposition of Jay Begay, # 13 Exhibit N–Official Transcript of November 2 2017 Preliminary Hearing, # 14 Exhibit O–Transcript of Deposition of Kendall Laws)(Hiller, Lorne) (Entered: 10/16/2020) |
| 10/23/2020 | 70 | MOTION to Amend/Correct 2 Complaint, and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. Motions referred to Paul Kohler.(Porter, Karra) (Entered: 10/23/2020) |
| 10/23/2020 | 71 | EXHIBITS filed by Rosalie Chilcoat re 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support . (Attachments: # 1 Exhibit A – Amended Complaint, # 2 Exhibit B – P Lyman Deposition Excerpts, # 3 Exhibit C – San Juan County Meeting Minutes for 04/04/17, # 4 Exhibit D – San Juan County Meeting Minutes for 04/18/17, # 5 Exhibit E – Robert Wilcox Testimony Excerpts)(Porter, Karra) (Entered: 10/23/2020) |
| 10/26/2020 | 72 | NOTICE of Corrected Exhibit A to Plaintiff's Motion to Amend Complaint by Rosalie Chilcoat re 71 Exhibits, (Attachments: # 1 Exhibit A – Amended Complaint with redlines, # 2 Exhibit A – Amended Complaint final) (Porter, Karra) (Entered: 10/26/2020) |
| 11/06/2020 | 73 | Defendant's RESPONSE to Motion re 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 11/06/2020) |
| 11/06/2020 | 74 | MOTION for Extension of Time to File Response/Reply as to 69 MOTION for Summary Judgment and Memorandum in Support and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 11/06/2020) |
| 11/06/2020 | 75 | MEMORANDUM in Opposition re 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support filed by Defendants Kendall G. Laws, San Juan County. (Attachments: # 1 Exhibit 1– Lyman Deposition Transcript, # 2 Exhibit 2– Laws Deposition Transcript, # 3 Exhibit 3– Emails re Phil Lyman deposition, # 4 Exhibit 4– Meeting Minutes)(Hamilton, R.) (Entered: 11/06/2020) |
| 11/09/2020 | 76 | ORDER granting 74 Motion for Extension of Time to File Response/Reply re 69 MOTION for Summary Judgment: Response due by 11/17/2020. Signed by Magistrate Judge Paul Kohler on 11/9/20 (alt) (Entered: 11/09/2020) |
| 11/11/2020 | 77 | MOTION for Extension of Time to File Response/Reply as to 67 MOTION for Summary Judgment and Memorandum in Support filed by Counter Claimant Zane Odell. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Philpot, Jay) (Entered: 11/11/2020) |
| 11/12/2020 | 78 | ORDER granting 77 Motion for Extension of Time to File Response/Reply re 67 MOTION for Summary Judgment: Response due by 11/30/2020. Signed by |

| | | |
|---|---|---|
| | | <span style="color:red">Magistrate Judge Paul Kohler on 11/12/20 (alt) (Entered: 11/12/2020)</span> |
| 11/17/2020 | 79 | MOTION for Leave to File Excess Pages and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 11/17/2020) |
| 11/17/2020 | 80 | Amended MOTION for Leave to File Excess Pages and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order) (Entered: 11/17/2020) |
| 11/17/2020 | 81 | MEMORANDUM in Opposition re 69 MOTION for Summary Judgment filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 11/17/2020) |
| 11/17/2020 | 82 | APPENDIX to 81 Memorandum in Opposition to Motion filed by Plaintiff Rosalie Chilcoat . (Attachments: # 1 Exhibit A – Deposition of Rosalie Chilcoat, # 2 Exhibit B – Deposition of Deputy Jay Begay, # 3 Exhibit C – Slipsheet for Audio of Zane Odell 911 call, 4/1/17, # 4 Exhibit D – Deposition of Zane Odell, # 5 Exhibit E – Deposition of Mark Franklin, # 6 Exhibit F – Deposition of Robert Wilcox, # 7 Exhibit G – Transcript of preliminary hearing in State of Utah v. Rosalie Chilcoat, 11/2/17, # 8 Exhibit H – Information, 4/11/17; and Amended Information, 4/18/17; in State of Utah v. Rosalie Chilcoat, # 9 Exhibit I – San Juan County Sheriffs Office incident report, # 10 Exhibit J – Transcript of oral arguments in State of Utah v. Mark Franklin, 12/3/18, # 11 Exhibit K – Deposition of Zebediah Dalton, # 12 Exhibit L – Slipsheet for Audio of Zane Odell 911 call, 4/3/17, # 13 Exhibit M – Slipsheet for Audio of San Juan County Dispatch call to Deputy Begay, # 14 Exhibit N – Slipsheet for Bodycam video of Deputy Begay, # 15 Exhibit O – Deposition of Kendall Laws, # 16 Exhibit P – Deposition of Phillip Lyman, # 17 Exhibit Q – Facebook posts and comments, # 18 Exhibit R – Email from Rosalie Chilcoat to Donald Hoffheins of the BLM, # 19 Exhibit S – Slipsheet for Audio of voice message left by Mark Franklin for Robert Wilcox, 4/7/17, # 20 Exhibit T – (States) Response in Opposition to Defendants Motion to Quash Bindover in State of Utah v. Mark Franklin, Rosalie Jean Chilcoat, # 21 Exhibit U – Notice of Expert Testimony by BLM and/or SITLA Experts in State of Utah v. Rosalie Jean Chilcoat, # 22 Exhibit V – Ruling on Motion to Quash Bindover in State of Utah v. Mark Kevin Franklin and Rosalie Jean Chilcoat, # 23 Exhibit W – (Second) Amended Information in State of Utah v. Rosalie Jean Chilcoat, 5/1/18, # 24 Exhibit X – Order Denying Motion for Stay, 5/9/18; and Order Denying Motion for Stay of Proceedings Pending Disposition of Petition, 5/14/18; in State of Utah v. Mark Kevin Franklin and Rosalie Jean Chilcoat, # 25 Exhibit Y – Order (Granting Motion to Stay) in State of Utah v. Mark Kevin Franklin and Rosalie Jean Chilcoat, # 26 Exhibit Z – Order and Sua Sponte Motion for Summary Disposition in Rosalie Jean Chilcoat and Mark Kevin Franklin v. State of Utah, # 27 Exhibit AA – Order of Summary Reversal in Rosalie Jean Chilcoat and Mark Kevin Franklin v. State of Utah, # 28 Exhibit BB – Minutes Pretrial Conference/Order of Dismissal in State of Utah v. Rosalie Jean Chilcoat)(Porter, Karra) (Entered: 11/17/2020) |
| 11/18/2020 | 83 | Defendant's RESPONSE to Motion re 80 Amended MOTION for Leave to File Excess Pages and Memorandum in Support filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 11/18/2020) |
| 11/18/2020 | 84 | NOTICE of Change of Address by R. Blake Hamilton (Hamilton, R.) (Entered: 11/18/2020) |
| 11/18/2020 | 85 | |

| | | |
|---|---|---|
| | | REPLY to Response to Motion re 80 Amended MOTION for Leave to File Excess Pages and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 11/18/2020) |
| 11/18/2020 | 86 | ERRATA to 82 Appendix,,,,,,,,,,, filed by Plaintiff Rosalie Chilcoat . (Attachments: # 1 Exhibit to DKT 82–4)(Porter, Karra) (Entered: 11/18/2020) |
| 11/19/2020 | 87 | ORDER granting 80 Motion for Leave to File Excess Pages/overlength memo. Signed by Magistrate Judge Paul Kohler on 11/19/20 (alt) (Entered: 11/19/2020) |
| 11/19/2020 | 88 | NOTICE OF CONVENTIONAL FILING of Certain Exhibits For The Appendix (Dkt No. 82) filed by Plaintiff Rosalie Chilcoat re 82 Appendix,,,,,,,,,,, (Porter, Karra) (Entered: 11/19/2020) |
| 11/20/2020 | 89 | EXHIBITS C, L, M, N, and S re 82 Appendix to 81 Memorandum in Opposition to 69 MOTION for Summary Judgment consisting of audio and video files submitted on a single USB Flash Drive, filed by Rosalie Chilcoat (The exhibits were not uploaded to the docket due to non–PDF file types and will be retained in a case file folder in the Clerk's Office while the case is active, and according to the retention schedule set forth by the Judicial Conference thereafter.) (alt) (Entered: 11/20/2020) |
| 11/20/2020 | 90 | REPLY to Response to Motion re 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Exhibit A – Deposition of Phil Lyman, # 2 Exhibit B – Deposition of Kendall Laws)(Porter, Karra) (Entered: 11/20/2020) |
| 11/25/2020 | 91 | REQUEST to Submit for Decision re 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support filed by Defendant San Juan County. (Hamilton, R.) (Entered: 11/25/2020) |
| 11/30/2020 | 92 | MEMORANDUM in Opposition re 67 MOTION for Summary Judgment filed by Counter Claimant Zane Odell. (Attachments: # 1 Exhibit CC Plaintiff's Attach A)(Philpot, Jay) (Entered: 11/30/2020) |
| 12/02/2020 | 93 | Defendant's REPLY to Response to Motion re 69 MOTION for Summary Judgment filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 12/02/2020) |
| 12/02/2020 | 94 | REQUEST to Submit for Decision re 81 Memorandum in Opposition to Motion, 69 MOTION for Summary Judgment, 93 Reply Memorandum/Reply to Response to Motion filed by Defendant Zane Odell. (Hiller, Lorne) (Entered: 12/02/2020) |
| 12/14/2020 | 95 | REPLY to Response to Motion re 67 MOTION for Summary Judgment filed by Counter Defendants Rosalie Chilcoat, Mark Franklin. (Bridge, David) (Entered: 12/14/2020) |
| 12/22/2020 | 96 | Motions No Longer Referred: 70 MOTION to Amend/Correct 2 Complaint, and Memorandum in Support (jrl) (Entered: 12/22/2020) |
| 12/28/2020 | 97 | REQUEST to Submit for Decision re 67 MOTION for Summary Judgment filed by Counter Defendants Rosalie Chilcoat, Mark Franklin. (Bridge, David) (Entered: 12/28/2020) |
| 01/04/2021 | 98 | **DOCKET TEXT ORDER VACATING Jury Trial** set for 03/15/2021 at 08:15 AM and related trial deadlines. The trial date, final pretrial conference, and trial preparation deadlines set within the 36 Scheduling Order are VACATED. The trial and related trial deadlines will be |

| | | |
|---|---|---|
| | | reset, if necessary, after rulings are entered on the pending motions (docket nos. 67 , 69 , and 70 ) for a time when the court is open for civil trial. So ordered by Judge David Nuffer on 1/4/21 (alt) (Entered: 01/04/2021) |
| 01/21/2021 | 99 | MEMORANDUM DECISION AND ORDER denying 70 Motion to Amend/Correct Complaint. Signed by Judge David Nuffer on 1/21/21 (alt) (Entered: 01/21/2021) |
| 02/05/2021 | 100 | MEMORANDUM DECISION AND ORDER granting 69 Motion for Summary Judgment: Chilcoat's claims against Odell are dismissed with prejudice. Signed by Judge David Nuffer on 2/4/21 (alt) (Entered: 02/05/2021) |
| 02/19/2021 | 101 | Defendant's MOTION for Attorney Fees filed by Defendant Zane Odell. (Attachments: # 1 Exhibit A Plaintiffs 3rd Suppl Rule 26, # 2 Exhibit B Discovery Requests, # 3 Exhibit C Order Motion to Suppress, # 4 Exhibit D San Juan County Subpoena, # 5 Exhibit E Counterclaim Defendants Supplemental Disclosures 1st, # 6 Exhibit F November 2 Transcript of Prelim Hearing, # 7 Exhibit G December 3 Hearing Transcript, # 8 Exhibit H Motion to Quash, # 9 Exhibit I Time Keeper Summary, # 10 Exhibit J Affidavit of Benjamin Wegener, # 11 Exhibit K Affidavit of Bruce Jenkins, # 12 Text of Proposed Order Motion Attorneys Fees Proposed Order) Motions referred to Paul Kohler.(Hiller, Lorne) (Entered: 02/19/2021) |
| 02/19/2021 | 102 | Defendant's MOTION for Leave to File Excess Pages filed by Defendant Zane Odell. (Attachments: # 1 Text of Proposed Order Motion for Leave to File an Overlength Motion for Attorneys Fees) Motions referred to Paul Kohler.(Hiller, Lorne) (Entered: 02/19/2021) |
| 02/20/2021 | 103 | DOCKET TEXT ORDER granting 102 Motion for Leave to File Excess Pages Signed by Magistrate Judge Paul Kohler on 2/20/21. No attached document. (DN) (Entered: 02/20/2021) |
| 02/23/2021 | 104 | MEMORANDUM DECISION AND ORDER granting 67 Motion for Summary Judgment: counterclaims are dismissed with prejudice. Signed by Judge David Nuffer on 2/23/21 (alt) (Entered: 02/23/2021) |
| 02/23/2021 | 105 | MEMORANDUM DECISION AND ORDER denying 101 Motion for Attorney Fees. Signed by Judge David Nuffer on 2/23/21 (alt) (Entered: 02/23/2021) |
| 02/24/2021 | 106 | JUDGMENT is entered in favor of Zane Odell on Plaintiff's causes of action and in favor of Rosalie Chilcoat and Mark Franklin on Mr. Odell's counterclaims. The action is dismissed with prejudice – CASE CLOSED. Magistrate Judge Paul Kohler no longer assigned to case. Signed by Judge David Nuffer on 2/24/21 (alt) (Entered: 02/24/2021) |
| 03/09/2021 | 107 | RE–FILED CORRECTLY AS 108 BILL OF COSTS – ~~NOTICE OF FILING of San Juan County Defendants' Bill of Costs filed by Defendants Kendall G. Laws, San Juan County. (Attachments: # 1 Exhibit A - Bill of Costs, # 2 Exhibit B - Invoices)(Hamilton, R.)~~ Modified on 3/12/2021: added re–filing info (alt) (Entered: 03/09/2021) |
| 03/12/2021 | 108 | BILL OF COSTS filed by Kendall G. Laws, San Juan County. (Attachments: # 1 Exhibit A– Bill of Costs, # 2 Exhibit B–Invoices)(Hamilton, R.) (Entered: 03/12/2021) |
| 03/12/2021 | | Modification of Docket re 107 Notice of Filing. Error: Filers were unable to e–file their Bill of Cost correctly as such because they had been terminated in the case when all claims against them were dismissed. Correction: Filers contacted the court and |

| | | have been unterminated as parties in the case – they have re–filed their BoC paperwork correctly as 108 Bill of Costs. (alt) (Entered: 03/12/2021) |
|---|---|---|
| 03/23/2021 | 109 | OBJECTIONS to 108 Bill of Costs filed by Rosalie Chilcoat. (Porter, Karra) (Entered: 03/23/2021) |
| 03/25/2021 | 110 | NOTICE OF APPEAL as to 106 Judgment, filed by Rosalie Chilcoat. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC–3961800. (Porter, Karra) (Entered: 03/25/2021) |
| 03/25/2021 | 111 | Transmission of Preliminary Record to USCA re 110 Notice of Appeal (Attachments: # 1 Appendix) (alt) (Entered: 03/25/2021) |
| 03/26/2021 | 112 | NOTICE OF DEFICIENCY re 110 Notice of Appeal. The document was not properly linked to all orders it is appealing and the document cites a docket entry ( 70 ) that is not an order. An amended preliminary record will issue. (alt) (Entered: 03/26/2021) |
| 03/26/2021 | 113 | Transmission of Amended Preliminary Record to USCA re 110 Notice of Appeal (Attachments: # 1 Appendix) (alt) (Entered: 03/26/2021) |
| 03/26/2021 | 114 | USCA Case Number Case Appealed to Tenth Circuit Case Number 21–4039 for 110 Notice of Appeal filed by Rosalie Chilcoat. (jrj) (Entered: 03/26/2021) |
| 03/30/2021 | 115 | Defendant's RESPONSE re 109 Objections, 108 Bill of Costs, filed by Kendall G. Laws, San Juan County. (Hamilton, R.) (Entered: 03/30/2021) |
| 03/31/2021 | 116 | Costs Taxed in amount of $460.98 for Defendants against Plaintiff; signed by AWM, Chief Deputy Clerk on 3/30/21 (alt) (Entered: 03/31/2021) |
| 04/22/2021 | 117 | Please be advised the Record is complete for purposes of appeal for USCA case number 21–04039 re 110 Notice of Appeal (alt) (Entered: 04/22/2021) |
| 12/15/2021 | 118 | NOTICE OF WITHDRAWAL OF COUNSEL of Ryan M. Stephens filed by Ryan M. Stephens on behalf of Kendall G. Laws, San Juan County (Stephens, Ryan) (Entered: 12/15/2021) |
| 08/30/2022 | 119 | MANDATE of USCA as to 110 Notice of Appeal. According to the USCA the Judgment of the USDC for the Dist of UT is Affirmed as to dfts' motion for jgm on the pleadings being granted, Reversed as to the denial of leave to amend, and Remanded for further proceedings consistent with this opinion, including to allow plaintiff an opportunity to proceed with discovery. Judgment included with mandate: Yes. Case Reopened. (Attachments: # 1 USCA Judgment, # 2 Mandate Cover Letter) (alt) (Entered: 09/01/2022) |
| 09/15/2022 | 120 | AMENDED COMPLAINT against San Juan County with Jury Demand. Removed Defendants: Zane Odell, Kendall G. Laws. filed by Rosalie Chilcoat. (Porter, Karra) (Entered: 09/15/2022) |
| 09/29/2022 | 121 | AMENDED ANSWER to 120 Amended Complaint filed by San Juan County. (Hamilton, R.) (Entered: 09/29/2022) |
| 02/03/2023 | 122 | Letter from US Supreme Court re: Notice of Petition for Writ of Certiorari re 110 Notice of Appeal. Supreme Court Case Number 21–4039. (jrj) (Entered: 02/03/2023) |
| 04/17/2023 | 123 | Letter from US Supreme Court re: Notice of Petition for Writ of Certiorari re 110 Notice of Appeal. USCA Case Number 22–724. The petition for a writ of certiorari is |

18

| | | |
|---|---|---|
| | | denied. (mh) (Entered: 04/17/2023) |
| 03/20/2024 | 124 | NOTICE of Appearance by M. Tanner Clagett on behalf of Rosalie Chilcoat (Clagett, M.) (Entered: 03/20/2024) |
| 04/26/2024 | 125 | REQUEST for Scheduling Conference filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 04/26/2024) |
| 05/01/2024 | 126 | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Paul Kohler under 28:636 (b)(1)(A), Magistrate Judge to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge David Nuffer on 5/1/2024. (pjd) (Entered: 05/01/2024) |
| 05/01/2024 | 127 | DOCKET TEXT ORDER: The Court is in receipt of the parties request for a scheduling conference, Docket No. 125. Before the Court schedules a conference, the parties are ordered to meet and confer and propose a scheduling order to the Court on or before May 8, 2024. If the parties are unable to agree on dates, they are ordered to file a joint status report advising the Court, and a hearing will be set at that time. No attached document Signed by Magistrate Judge Paul Kohler on 05/01/2024. (aaw) (Entered: 05/01/2024) |
| 05/07/2024 | 128 | Stipulated MOTION for Scheduling Order filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Text of Proposed Order Granting Stipulated Motion for Entry of Scheduling Order) Motions referred to Paul Kohler.(Porter, Karra) (Entered: 05/07/2024) |
| 05/07/2024 | 129 | MOTION to Strike and Memorandum in Support *re: Defamatory References to Kendall Laws in Amended Complaint* filed by Defendant San Juan County. Motions referred to Paul Kohler.(Hamilton, R.) (Entered: 05/07/2024) |
| 05/08/2024 | 130 | ORDER granting 128 Motion for Scheduling Order. Dispositive Motions due by 7/1/2024. Scheduling Conference set for 7/9/2024 at 02:00 PM in Room 197 (St George) before Judge David Nuffer. Signed by Magistrate Judge Paul Kohler on 5/8/24 (alt) (Entered: 05/08/2024) |
| 05/13/2024 | 131 | NOTICE of Appearance by Kristen C. Kiburtz on behalf of Rosalie Chilcoat (Kiburtz, Kristen) (Entered: 05/13/2024) |
| 05/24/2024 | 132 | Motions No Longer Referred: 129 MOTION to Strike *re: Defamatory References to Kendall Laws in Amended Complaint* (pjd) (Entered: 05/24/2024) |
| 05/24/2024 | 133 | MEMORANDUM in Opposition re 129 MOTION to Strike *re: Defamatory References to Kendall Laws in Amended Complaint* filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 05/24/2024) |
| 05/31/2024 | 134 | REPLY to Response to Motion re 129 MOTION to Strike *re: Defamatory References to Kendall Laws in Amended Complaint* filed by Defendant San Juan County. (Hamilton, R.) (Entered: 05/31/2024) |
| 06/27/2024 | 135 | **NOTICE OF VIDEO HEARING**: Scheduling Conference set for 7/29/2024 at 01:30 PM in STGU– St George *virtual Court Via Zoom Conference* before Judge David Nuffer. Moved due to conflict in courts schedule. (pjd) (Entered: 06/27/2024) |
| 06/28/2024 | 136 | MOTION for Amended Scheduling Order and Memorandum in Support *and Extend Dispositive Motion Deadlines* filed by Defendant San Juan County. (Attachments: # 1 Text of Proposed Order Amending Scheduling Order and Extending Dispositive |

| | | Deadline) Motions referred to Paul Kohler.(Hamilton, R.) (Entered: 06/28/2024) |
|---|---|---|
| 07/01/2024 | 137 | ORDER granting 136 Motion for Amended Scheduling Order: Motions due by 7/15/2024. Signed by Magistrate Judge Paul Kohler on 7/1/24 (alt) (Entered: 07/01/2024) |
| 07/01/2024 | 138 | REQUEST to Submit for Decision *Motion to Strike Defamatory References to Kendall Laws in Amended Complaint* filed by Defendant San Juan County. (Hamilton, R.) (Entered: 07/01/2024) |
| 07/15/2024 | 139 | MOTION for Summary Judgment and Memorandum in Support filed by Defendant San Juan County. (Attachments: # 1 Exhibit 1– Court of Appeals Opinion, # 2 Exhibit 2– Lyman Deposition Excerpts, # 3 Exhibit 3– Benally Deposition Excerpts, # 4 Exhibit 4– Adams Deposition Excerpts, # 5 Exhibit 5– Eldredge Deposition Excerpts, # 6 Exhibit 6– Pehrson Deposition Excerpts, # 7 Exhibit 7– Nielson Deposition Excerpts)(Hamilton, R.) (Entered: 07/15/2024) |
| 07/25/2024 | 140 | **ORDER VACATING Scheduling Conference** set for 7/29/2024 1:30 PM before Judge David Nuffer. Hearing is canceled due to filing of Motion for Summary Judgement. Signed by Judge David Nuffer on 07/25/2024. (bmr) (Entered: 07/25/2024) |
| 08/12/2024 | 141 | MEMORANDUM in Opposition re 139 MOTION for Summary Judgment filed by Plaintiff Rosalie Chilcoat. (Attachments: # 1 Exhibit A – Phil Lyman Deposition, # 2 Exhibit B – Bruce Adams Deposition, # 3 Exhibit C – Rebecca Benally Deposition, # 4 Exhibit D – Kelly Pehrson Deposition, # 5 Exhibit E – John Nielson Deposition, # 6 Exhibit F – April 2017 Meeting Minutes, # 7 Exhibit G – San Juan's Response to First Requests for Production, # 8 Exhibit H – Jay Begay Deposition, # 9 Exhibit I – Lyman's Post re Chilcoat, # 10 Exhibit J – Salt Lake Tribune Article of 04–24–18, # 11 Exhibit K – Lyman Comment on Tribune Article, # 12 Exhibit L – Information, # 13 Exhibit M – Amended Information, # 14 Exhibit N – Lyman Email)(Porter, Karra) (Entered: 08/12/2024) |
| 08/25/2024 | 142 | Stipulated MOTION for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment and Memorandum in Support filed by Defendant San Juan County. (Attachments: # 1 Text of Proposed Order Granting Stipulated Motion to Extend Defendant's Deadline to File Reply in Support of Motion for Summary Judgment) Motions referred to Paul Kohler.(Hamilton, R.) (Entered: 08/25/2024) |
| 08/26/2024 | 143 | Motions No Longer Referred: 142 Stipulated MOTION for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment and Memorandum in Support. District Judge David Nuffer will handle the motion. (tlc) (Entered: 08/26/2024) |
| 08/26/2024 | 144 | ORDER granting 142 Stipulated Motion for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment: Reply memo due by 9/9/2024. Signed by Judge David Nuffer on 8/26/24 (alt) (Entered: 08/26/2024) |
| 09/09/2024 | 145 | Stipulated MOTION for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment and Memorandum in Support filed by Defendant San Juan County. (Attachments: # 1 Text of Proposed Order Granting Motion to Extend Time to Reply in Support of Motion for Summary Judgment) Motions referred to Paul Kohler.(Hamilton, R.) (Entered: 09/09/2024) |

| 09/10/2024 | 146 | Motions No Longer Referred: 145 Stipulated MOTION for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment and Memorandum in Support. District Judge David Nuffer will handle the motion. (tlc) (Entered: 09/10/2024) |
|---|---|---|
| 09/10/2024 | 147 | ORDER granting 145 Stipulated Motion for Extension of Time to File Response/Reply as to 139 MOTION for Summary Judgment: Reply memo due by 9/11/2024. Signed by Judge David Nuffer on 9/10/24 (alt) (Entered: 09/10/2024) |
| 09/11/2024 | 148 | REPLY to Response to Motion re 139 MOTION for Summary Judgment filed by Defendant San Juan County. (Hamilton, R.) (Entered: 09/11/2024) |
| 09/20/2024 | 149 | REQUEST for Oral Argument re 139 MOTION for Summary Judgment filed by Plaintiff Rosalie Chilcoat. (Porter, Karra) (Entered: 09/20/2024) |
| 10/28/2024 | 150 | NOTICE of Appearance by John M. Mejia on behalf of Rosalie Chilcoat (Mejia, John) (Entered: 10/28/2024) |
| 11/21/2024 | 151 | REQUEST to Submit for Decision re 139 MOTION for Summary Judgment filed by Defendant San Juan County. (Hamilton, R.) (Entered: 11/21/2024) |
| 04/17/2025 | 152 | MEMORANDUM DECISION AND ORDER denying 129 Motion to Strike. Signed by Judge David Nuffer on 4/17/25 (alt) (Entered: 04/17/2025) |
| 04/22/2025 | 153 | NOTICE of Substitution of Counsel by Rosalie Chilcoat (Christiansen, Anna) (Entered: 04/22/2025) |
| 10/30/2025 | 154 | MEMORANDUM DECISION AND ORDER granting 139 Defendant's Motion for Summary Judgment. Signed by Judge David Nuffer on 10/30/2025. (dle) (Main Document 154 replaced with correct document on 10/30/2025) (dle). (Entered: 10/30/2025) |
| 10/30/2025 | 155 | JUDGMENT IN A CIVIL CASE: IT IS HEREBY ORDERED AND ADJUDGED, as explained in the Memorandum Decision and Order Granting Defendant's Motion for Summary Judgment, San Juan County's Motion for Summary Judgment is GRANTED. Case Closed. Magistrate Judge Paul Kohler no longer assigned to case. Signed by Judge David Nuffer on 10/30/2025. (dle) (Entered: 10/30/2025) |
| 11/26/2025 | 156 | NOTICE OF APPEAL as to 154 Order on Motion for Summary Judgment, Memorandum Decision, 155 Judgment, filed by Rosalie Chilcoat. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–5627971. (Porter, Karra) (Entered: 11/26/2025) |

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>             Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00027-DN<br><br>District Judge David Nuffer |

Plaintiff Rosalie Chilcoat alleges[1] that Defendant San Juan County violated her civil rights by "an official decision" directing or encouraging a baseless criminal case against her in retaliation for her expression of her political views as an environmental activist. Based on these allegations, Ms. Chilcoat's amended complaint alleges a claim under 42 U.S.C. § 1983 for the economic and non-economic harm that the criminal prosecution inflicted on her.[2]

The County now brings a Motion for Summary Judgment ("Motion")[3] on the grounds that Chilcoat has "not produced evidence of any facts necessary to prove that San Juan County is liable under Section 1983 for the State of Utah's prosecution of Ms. Chilcoat . . . ."[4] The Motion claims that Chilcoat cannot establish causation or municipal liability required to state a claim under §1983.[5]

---

[1] Amended Complaint ¶ 26(f), docket no. 120, filed September 29, 2022; *see also United States v. Lyman*, No. 2:14-CR-00470 DN.

[2] *Id*. at 20-21.

[3] Motion for Summary Judgment ("Motion"), docket no. 139, filed July 15, 2024.

[4] *Id.* at 17.

[5] *Id.* at 11-12.

Ms. Chilcoat's Opposition to Defendants' Motion for Summary Judgment ("Opposition") asks that the motion be denied because "a jury can reasonably find that the County held a meeting in which it directed or encouraged Prosecutor Laws to escalate charges against Ms. Chilcoat."[6] Ms. Chilcoat argues that the County violated her "constitutional rights by adopting a decision to direct or encourage the filing of felony charges against her in retaliation for her activism."[7] She disputes the County's claim that the April 4, 2017, meeting was a mere "briefing," citing Commissioner testimony, inconsistent accounts, and missing records of the closed session. She argues that this evidence, combined with Commissioner Lyman's animus, creates genuine issues of material fact precluding summary judgment.[8]

The County's Reply Memorandum in Support of Motion for Summary Judgment ("Reply") underscores that Ms. Chilcoat's §1983 claim rests solely on an alleged closed-door commission meeting, yet the evidence shows only a "briefing" or "update" on the gate incident.[9] According to the County, "[n]ot a single witness testified that any commissioner or County official directed or even encouraged the prosecution of, or escalation of charges against, Ms. Chilcoat."[10] "Any evidence produced is, at most, purely speculative . . . ."[11]

After consideration of the parties' arguments and the undisputed material facts, the Motion is GRANTED.

---

[6] Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opposition") at 12, docket no. 141, filed August 12, 2024.

[7] *Id.* at 1.

[8] *Id.* at 1-4.

[9] Reply Memorandum in Support of Motion for Summary Judgment ("Reply") at 2-4, docket no. 148, filed September 11, 2024.

[10] *Id.* at 10.

[11] *Id.* at 13.

2

**Contents**

1      UNDISPUTED MATERIAL FACTS  ................................................................ 3
2      STANDARD OF REVIEW ........................................................................ 18
3      DISCUSSION ........................................................................................ 19
       3.1      The Undisputed Facts Do Not Show the County Directed Prosecutor Laws to
                Prosecute Ms. Chilcoat. ....................................................... 20
                3.1.1    There is Neither Evidence of an Official County Policy Nor a Pattern of
                         Conduct From Which a Reasonable Jury Could Infer a County Policy. .. 22
                         3.1.1.1 There is No Evidence of an Official Policy. ................................. 23
                         3.1.1.2 Ms. Chilcoat Presents No Evidence Beyond this Case of the
                                 County Targeting Environmentalists or Commissioner Lyman's
                                 Political Rivals. ...................................................................... 26
                3.1.2    Prosecutor Laws Brought Charges Against Ms. Chilcoat as a State Actor
                         Under Utah Code § 17-18a-401. ............................................... 27
       3.2      Chilcoat Provides No Authority That a County is Liable for the Actions of One
                Commissioner. ..................................................................................... 29
4      CONCLUSION ....................................................................................... 31
5      ORDER ................................................................................................. 31

## 1   UNDISPUTED MATERIAL FACTS [12]

1.      The impetus regarding Ms. Chilcoat's prosecution can be traced back to federal crimes committed by Commissioner Lyman, who was convicted[13] of federal conspiracy charges in 2015 in association with an illegal ATV ride through Recapture Canyon to protest the U.S. Bureau of Land Management (BLM) restrictions of off-road vehicles in that canyon.[14]

---

[12] The following Undisputed Facts are taken from the parties' briefs including: Ms. Chilcoat's Amended Complaint and admissions in the County's Answer to Amended Complaint ("Amended Answer"), docket no. 121, filed September 29, 2022; the Motion, Opposition, and Reply. These Undisputed Facts contain some undisputed facts that are not necessarily material to decisive issues but provide a more complete background of the events and circumstances to give context to the parties' arguments. Those facts, or portions thereof, identified in the parties' briefing that do not appear in these Undisputed Facts are either disputed; not supported by the cited evidence; not material; or are not facts, but rather, are characterization of facts or legal argument.

[13] Mr. Lyman was granted a full pardon in December 2020. Statement from the Press Secretary Regarding Executive Grants of Clemency – The White House (last visited October 20, 2025).

[14] Opposition ¶ 17, docket no. 141; Reply at 13, docket no. 148; *United States v. Lyman*, no. 2:14-cr-00470- DN-1, docket no. 251 (filed December 29, 2015).

3

2.      Ms. Chilcoat is a known environmentalist in San Juan and publicly applauded Commissioner Lyman's conviction.[15] Commissioner Lyman blamed Ms. Chilcoat for his conviction.[16]

3.      On April 1, 2017, cattle rancher Zane Odell left his corral gate open so his cattle could graze on state and federal public land, for which Odell had a permit, and then return home to get water on his property.[17]

4.      Later that evening, Odell noticed that his corral gate had been shut and latched, prompting him to call the San Juan County Sheriff's Department to make a report, explaining that but for a 10-foot gap in his fence, the closure of the corral gate risked depriving his cattle of water.[18]

5.      Video footage from Mr. Odell's trail camera showed that an SUV belonging to Ms. Chilcoat and her husband came and went near the corral gate.[19]

6.      Ms. Chilcoat, an environmental advocate, had previously complained to BLM about Odell's use of public land.[20]

7.      On April 3, 2017, Ms. Chilcoat and her husband were driving near Odell's property when Odell was out working, and Odell recognized the SUV from the trail camera

---

[15] Opposition ¶ 18, docket no. 141; Reply at 13, docket no. 148; *Salt Lake Tribune: Did San Juan County officials orchestrate charges against public-land activists over closing corral gate?*, Exhibit J to Opposition, docket no. 141-10, filed April 24, 2018.

[16] Opposition ¶ 18, docket no. 141; Reply, docket no. 148 at 13; *Lyman Comment on Salt Lake Tribune Article*, Exhibit K to Opposition, docket no. 141-11, filed April 24, 2018.

[17] Motion ¶ 1, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat v. San Juan County*, 41 F. 4th 1196, 1203 (10th Cir. 2022).

[18] Motion ¶ 2, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1203.

[19] Motion ¶ 3, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1203.

[20] Motion ¶ 4, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1203.

4

footage.[21]

8.      Odell and two other ranchers called the Sheriff's Department and blocked the roadway until a deputy arrived.[22]

9.      When Deputy Begay arrived, he asked Ms. Chilcoat's husband if he had shut Odell's gate two days earlier.[23]

10.      Ms. Chilcoat's husband replied that he had but that he knew the fence had an opening for the cows to re-enter the corral.[24]

11.      Deputy Begay asked Ms. Chilcoat if she had the same last name, Franklin, as her husband.[25]

12.      Ms. Chilcoat responded, "Yes."[26]

13.      Two days later, Ms. Chilcoat emailed the local BLM office to lodge a complaint about Odell, claiming to have been "accosted by three cowboys," including Odell, and labeling the incident an "assault."[27]

14.      The email included a zip file of photographs, including ponds on BLM land where Odell was permitted to graze his cattle.[28]

15.      Shortly after the April 3, 2017, incident but earlier than April 18, 2017, when County Attorney Kendall Laws filed felony criminal charges against Ms. Chilcoat, the San Juan

[21] Motion ¶ 6, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1203.

[22] Motion ¶ 7, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[23] Motion ¶ 8, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[24] Motion ¶ 9, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[25] Motion ¶ 10, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[26] Motion ¶ 11, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[27] Motion ¶ 12, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[28] Motion ¶ 13, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

5

County Commissioner held a meeting in which "there were some criminal discussions" regarding Ms. Chilcoat closing Mr. Odell's gate.[29]

16. The County did not keep any record of what was said during the meeting where the "legal matter" of the gate incident was discussed.[30]

17. Attending the meeting was all three of the County Commissioners (Bruce Adams, Rebecca Benally, and Philip Lyman), the County Attorney Kendall Laws, County Sheriff Richard Eldredge; and County Administrator Kelly Pehrson.[31]

18. All three County Commissioners testified remembering discussions regarding the closing of Mr. Odell's gate occurring at a commission meeting during this time frame.[32]

19. San Juan County Commissioner Lyman testified this meeting was held "just right before or after" the gate incident and "just kind of simultaneously with that whole process" of the filing of charges against Ms. Chilcoat.[33]

20. Commissioner Lyman testified that the discussions occurred during a closed session of the Commission because the discussions involved "dealing with legal matters."  In his deposition Commissioner Lyman testified of at least two other instances like the instant case, where the County was briefed by Sheriff Elridge regarding whether criminal actions should be brought.[34]

---

[29] Opposition ¶ 1, docket no. 141; Reply at 8-9, docket no. 148; *Deposition of Philip Lyman*, Exhibit A to Opposition at p. 24 ln 6- 12, docket no. 141-1, filed August 12, 2024.

[30] Opposition ¶ 13, docket no. 141; Reply at 11-12, docket no. 148; *San Juan's Response to First Requests for Production*, Exhibit G to Opposition at response to RFP 9, filed August 12, 2024.

[31] Opposition ¶ 2, docket no. 141; Reply at 9, docket no. 148; *Deposition of Philip Lyman* Exhibit A to Opposition at p. 17 ln 10-12, pp. 20-21, ln 16-2, docket no. 141-1, filed August 12, 2024.

[32] Opposition ¶ 3, docket no. 141; Reply at 8-9, docket no. 148.

[33] Opposition ¶ 4, docket no. 141; Reply at 8-9, docket no. 148; *Deposition of Philip Lyman*, Exhibit A to Opposition at p. 24, ln 10-13, docket no. 141-1, filed August 12, 2024.

[34] Opposition ¶ 13, docket no. 141; Reply at 11-12, docket no. 148; *Deposition of Philip Lyman*, Exhibit A to Opposition at p. 23, ln 3- 5; p. 23, ln 8-13, docket no. 141-1, filed August 12, 2024.

6

21.     Commissioner Lyman did not make it a secret that he believed that Ms. Chilcoat should be prosecuted for attempting to kill Mr. Odell's cattle.  Commissioner Lyman expressed publicly that he believed that Ms. Chilcoat should be prosecuted.[35]

22.     San Juan County Commissioner Adams testified that he remembered that a discussion regarding the incident occurred during a Commission meeting before charges were filed against Ms. Chilcoat.[36]

23.     Both Commissioner Adams and Commissioner Lyman remember that County Attorney Kendall Laws attended the meeting where the gate incident was discussed.[37]

24.     Commissioner Adams testified that Prosecutor Laws presented information to the Commission during this meeting because it "was a legal matter" that the County "need[ed] to know about" and involved "work that the [County Attorney] was doing in the County."[38]

25.     Commissioner Lyman similarly testified that Prosecutor Laws would have "definitely" been in the meeting because he is "usually involved if it's a legal matter."[39]

---

[35] Opposition, docket no. 141 ¶ 16; Reply at 11-12, docket no. 148; *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 10-14, 26, docket no. 141-1, filed August 12, 2024; *See also* Lyman's public posting, Ex. I, Chilcoat 1150.

[36] Opposition ¶ 5, docket no. 141; Reply at 9-10, docket no. 148; *Deposition of Bruce Adams* Exhibit B to Opposition at p. 11 ln 3-13, docket no. 141-2, filed July 15, 2024.

[37] Opposition ¶ 6, docket no. 141; Reply at 10, docket no. 148; *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 20-21 ln 19-2, docket no. 141-1, filed August 12, 2024; *Deposition of Bruce Adams* Exhibit B to Opposition at p. 11 ln 3-13 and pp. 8-11 ln 7-13, docket no. 141-2, filed July 15, 2024.

[38] Opposition ¶ 8, docket no. 141; Reply at 10, docket no. 148; *Deposition of Bruce Adams* Exhibit B to Opposition at pp. 8-9 ln 23-9, docket no. 141-2, filed July 15, 2024.

[39] Opposition ¶ 9, docket no. 141; Reply at 10, docket no. 148;  *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 20-21 ln 19-2, filed, docket no. 141-1, August 12, 2024.

7

26.     Ms. Benally testified that she vaguely remembered Prosecutor Laws providing information regarding the gate incident and that this information may have been mentioned in passing at a commission meeting.[40]

27.     County Administrator Kelly Pehrson testified that the Commissioners would only go into a closed session for one of the statutory reasons set forth in the Utah code.[41]

28.     The parties have stipulated that Utah Code § 52-4-205 permits a closed session for a "legal matter," specifically a strategy session to discuss pending or reasonably imminent litigation.[42]

29.     Prior to the meeting with the County Commissioners, law enforcement investigated the complaints against Ms. Chilcoat. Sergeant Wilcox concluded that no crimes had been committed, stating "I think all we'd have is probably just trespassing, I don't even think it is criminal trespassing if it wasn't done with malice." [43]

30.     On April 7, 2017, Sergeant Wilcox of the San Juan County Sheriff's Department presented the Prosecutor Laws with information about the corral gate incident.[44]

31.     On April 11, 2017, Prosecutor Laws charged Ms. Chilcoat with two misdemeanors: Trespassing on Trust Land and False Personal Information to a Peace Officer.[45]

---

[40] Opposition ¶ 7, docket no. 141; Reply, docket no. 148; *Deposition of Rebecca Benally*, Exhibit C to Opposition, docket no. 141-3 at p. 18 ln 21-25, filed August 12, 2024.

[41] Opposition ¶ 11, docket no. 141; Reply at 10-11, docket no. 148; *Deposition of Kelly Pehrson*, Exhibit D to Opposition at p. 18 ln 21-25, docket no. 141-8, filed August 12, 2024.

[42] Opposition ¶ 12, docket no. 141; Reply at 10-11, docket no. 148; *Deposition of Bruce Adams*, Exhibit B to Opposition at p. 14 ln 2-9, docket no. 141-2, filed July 15, 2024.

[43] Opposition ¶ 15, docket no. 141; Reply at 12, docket no. 148; *Deposition of Officer J. Begay*, Exhibit H to Opposition, docket no. 141-8 at pp. 11-12, 54-55, filed August 12, 2024.

[44] Motion ¶ 14, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

[45] Motion ¶ 15, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204.

8

32.     On April 18, 2017, Prosecutor Laws added two felony charges against Ms. Chilcoat: Attempted Wanton Destruction of Livestock and Retaliation Against a Witness, Victim, or Informant.[46]

33.     Commissioner Lyman from his County email address noted that the charges against Ms. Chilcoat were "brought by San Juan County" and that he took offense that the Utah AG's office was not "assist[ing] the County" in its prosecution.[47]

34.     The Retaliation charge was based on Ms. Chilcoat's email to the BLM office.[48]

35.     At the preliminary hearing, Prosecutor Laws argued there was probable cause to support the Retaliation charge because Ms. Chilcoat had described the April 3 incident as an "assault."[49]

36.     The state judge rejected this argument and asked if any other evidence supported probable cause.[50]

37.     Prosecutor Laws answered affirmatively, stating that some of the photos Ms. Chilcoat had attached to her email to the BLM office were embellished, changed, or altered.[51]

38.     The judge ruled Ms. Chilcoat would be bound over for trial.[52]

---

[46] Motion ¶ 16, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204-5.

[47] Opposition ¶ 20, docket no. 141; Reply at 14, docket no. 148; *Email from Phil Lyman to Bill Howell, July 25, 2018*, Ex. N to Opposition, filed August 12, 2024.

[48] Motion ¶ 17, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1204-5.

[49] Motion ¶ 18, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

[50] Motion ¶ 19, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

[51] Motion ¶ 20, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

[52] Motion ¶ 21, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

9

39.     On April 9, 2018, the month before Ms. Chilcoat's trial was scheduled, Ms. Chilcoat filed a motion to "quash the bindover," challenging the state court's probable cause determination.[53]

40.     The court denied her motion, and Ms. Chilcoat sought review in the Utah Court of Appeals.[54]

41.     A week later, Prosecutor Laws dropped the Retaliation charge but continued to pursue the remaining charges.[55]

42.     On July 19, 2018, after staying Ms. Chilcoat's trial pending her appeal, the Utah Court of Appeals reversed the state court's probable cause determination, which resulted in the dismissal with prejudice of all the remaining charges against Ms. Chilcoat.[56]

43.     On April 10, 2019, Ms. Chilcoat filed a complaint alleging claims under 42 U.S.C. § 1983 against Prosecutor Laws, San Juan County, and Odell.[57]

44.     Ms. Chilcoat alleged that Prosecutor Laws violated her First, Fourth, and Fourteenth Amendment rights when he "knowingly and/or recklessly made material factual misrepresentations for the purpose of obtaining a felony criminal charge and bindover" at the preliminary hearing in state court.[58]

---

[53] Motion ¶ 22, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

[54] Motion ¶ 23, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1205.

[55] Motion ¶ 24, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1206.

[56] Motion ¶ 25, docket no. 139; Opposition at 1-3, docket no. 141; *Chilcoat*, 41 F. 4th at 1206.

[57] Motion ¶ 26, docket no. 139; Opposition at 1-3, docket no. 141; Complaint, docket no. 1, filed April 10, 2019.

[58] Motion ¶ 27, docket no. 139; Opposition at 1-3, docket no. 141; Complaint ¶¶ 67-68, docket no. 1.

10

45.     Ms. Chilcoat alleged that Prosecutor Laws was the final decision maker for San Juan County and that San Juan County should be liable under 42 U. S. C. § 1983 for Prosecutor Laws' statements.[59]

46.     On July 10, 2019, Defendants San Juan County and Prosecutor Laws moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.[60]

47.     On October 30, 2019, Defendants' Motion to Dismiss was granted and dismissed Ms. Chilcoat's claims against Prosecutor Laws and San Juan County.[61]

48.     Prosecutor Laws was held to have absolute immunity from personal liability, that the Eleventh Amendment sovereign immunity barred claims against Prosecutor Laws in his official capacity, and that Prosecutor Laws acted for the State, not the County, when he prosecuted Ms. Chilcoat's case.[62]

49.     Ms. Chilcoat continued to litigate her remaining claims against Odell and took a deposition of former Commissioner Lyman.[63]

50.     At the deposition, Commissioner Lyman testified that San Juan County Sheriff Eldredge participated in a closed session with the San Juan County Commission.[64]

51.     Lyman also testified that in addition to the three commissioners and the sheriff, the county administrator and Prosecutor Laws were likely in attendance:

---

[59] Motion ¶ 28, docket no. 139; Opposition at 1-3, docket no. 141; Complaint, docket no. 1 ¶¶ 67-68.

[60] Motion ¶ 29, docket no. 139; Opposition at 1-3, docket no. 141; Motion for Judgment on the Pleadings, docket no. 21, filed July 10, 2019.

[61] Motion ¶ 30, docket no. 139; Opposition at 1-3, docket no. 141; Order Granting San Juan County's Motion for Judgment on the Pleadings, docket no. 63, filed March 30, 2020.

[62] Motion ¶ 31, docket no. 139; Opposition at 1-3, docket no. 141; Order Granting San Juan County's Motion for Judgment on the Pleadings at 5-8, docket no. 63, filed March 30, 2020.

[63] Motion ¶ 32, docket no. 139; Opposition at 1-3, docket no. 141.

[64] Motion ¶ 33, docket no. 139; Opposition at 1-3, docket no. 141; *Deposition of Philip Lyman* Ex. A to Motion at 16:21–17:4, docket no. 141-1, filed August 12, 2024.

11

[MS. PORTER: D]id you have any conversations with local law enforcement about the gate incident?

[MR. LYMAN]: No. I mean, we got a briefing on it in commission, in a closed session. And Sheriff Eldredge came and kind of explained what had happened, but I wouldn't call it a conversation. It was a briefing.

[MS. PORTER]: And what was the basis for the session being closed?

[MR. LYMAN]: It was dealing with legal matters.

[MS. PORTER]: And who else was there besides – talking to you besides the sheriff?

[MR. LYMAN]: It would have been the three commissioners and the sheriff, and probably the county administrator.

[MS. PORTER]: Can you estimate how common it is for the county commission to be briefed on specific alleged criminal matters?

[MR. LYMAN]: It's not uncommon, especially if it's got something, anything to do with the BLM, with public lands, with grazing.  Then the commissioners would definitely be briefed on it.

[MS. PORTER]: What, if anything, did you understand to be the purpose of this briefing?

[MR. LYMAN]: To make us aware, officially, of kind of what was happening in the county.[65]

52.     Based on the information gathered from the deposition, Ms. Chilcoat moved to amend her Complaint to add a new municipal liability claim, reinstate San Juan County as a defendant, and request additional discovery.[66]

---

[65] Motion ¶ 35, docket no. 139; Opposition at 3-4, docket no. 141; *Deposition of Philip Lyman* Ex. A to Motion, docket no. 141-1 at 16:22 – 17:23, filed August 12, 2024.

[66] Motion ¶ 37, docket no. 139; Opposition at 4, docket no. 141; Motion to Amend/Correct Complaint and Memorandum in Support, docket no. 70, filed October 23, 2020.

12

53.     The proposed amended complaint alleged, upon "information and belief," that "San Juan County's commissioners made an official decision whereby they directed or encouraged a county employee to pursue criminal charges against Ms. Chilcoat in retaliation for her political views."[67]

54.     The amended complaint also alleged that Ms. Chilcoat "believes this secret meeting occurred on or after April 4, 2017, but earlier than April 18, 2017."[68]

55.     Ms. Chilcoat's motion to amend her complaint was denied based on its determination that the proposed amendment would be futile.[69]

56.      Ms. Chilcoat appealed the order granting judgment on the pleadings and the denial of her motion to amend.[70]

57.     The Tenth Circuit Court of Appeals affirmed the grant of judgment on the pleadings but reversed the denial to amend the complaint.[71]

58.     The Tenth Circuit held that the alleged chronology and secrecy of the meeting supported a plausible municipal liability claim, and remanded the case to allow Ms. Chilcoat to file the Amended Complaint and give her an opportunity to proceed with discovery on the municipal liability claim.[72]

---

[67] Motion ¶ 38, docket no. 139; Opposition at 4, docket no. 141; Motion to Amend/Correct Complaint and Memorandum in Support, docket no. 70, filed October 23, 2020.

[68] Motion ¶ 39, docket no. 139; Opposition at 4, docket no. 141; List of Exhibits for Motion to Amend/Correct Complaint Ex. A ¶ 26, docket no. 71-1, filed October 23, 2020.

[69] Motion ¶ 40, docket no. 139; Opposition at 4, docket no. 141; Memorandum Decision and Order Denying Plaintiff's Motion to Amend, docket no. 99, filed January 21, 2021.

[70] Motion ¶ 41, docket no. 139; Opposition at 4, docket no. 141; Notice of Appeal, docket no. 110, filed March 25, 2021.

[71] Motion ¶ 42, docket no. 139; Opposition at 4, docket no. 141; *Chilcoat*, 41 F.4th at 1203.

[72] Motion ¶ 43, docket no. 139; Opposition at 4, docket no. 141; *Chilcoat*, 41 F.4th at 1219–21.

13

59.     Ms. Chilcoat filed her Amended Complaint and proceeded with discovery.[73]

60.     Specifically, Ms. Chilcoat's counsel took the depositions of five individuals: County Commissioner Rebecca Bennally, County Commissioner Bruce Adams, County Sheriff Richard Eldredge, County Administrator Kelly Pehrson, and County Clerk John David Nielson.[74]

61.     In the Amended Complaint, Ms. Chilcoat mentioned an email sent on April 13, 2017, to Prosecutor Laws which criticized the initial misdemeanor charges brought against Ms. Chilcoat, urging Mr. Laws to pursue more serious charges, and suggesting Ms. Chilcoat be made an example as the County's "only shot" at an environmentalist. [75]

62.     In May 2020, the County produced the email in response to a subpoena but redacted the sender's name. [76]

63.     During his deposition, Prosecutor Laws identified the sender, prompting Ms. Chilcoat to request the unredacted email through a public records request.[77]

64.     The County claimed the "original email [was] unavailable at this time" due to "technical difficulties," while asserting that the sender's name was legible through the blacked-out markings and therefore "consider[ed]" disclosed.[78]

65.     Rebecca Bennally was a county commissioner at the time of the gate incident.[79]

---

[73] Motion ¶ 44, docket no. 139; Opposition at 4, docket no. 141; Amended Complaint, docket no. 120, filed September 15, 2022.

[74] Motion ¶ 45, docket no. 139; Opposition at 4, docket no. 141.

[75] Amended Complaint ¶ 26(l); Amended Answer ¶¶ 12, 13.

[76] Amended Complaint ¶ 26(l); Amended Answer ¶¶ 12, 13.

[77] Amended Complaint ¶ 26(l); Amended Answer ¶¶ 12, 13.

[78] Amended Complaint ¶ 26(l); Amended Answer ¶¶ 12, 13.

[79] Motion ¶ 46, docket no. 139; Opposition at 4, docket no. 141; *Deposition of Rebecca Benally* Ex. 3 to Motion at 6:3–5, docket no. 139-3, filed July 15, 2024.

14

66.     Commissioner Benally testified in her deposition that she had little recollection of

the "gate incident" beyond what she read in the newspaper:

> [MS. PORTER]: Back in April of 2017, there was an allegation
> that Ms. Chilcoat and her husband, Mr. Franklin, had closed a gate
> on some property leased by Zane Odell, and then it turned into
> criminal charges and was widely publicized, and there was death
> threats to Rose and all that. Does any of that sound familiar at all
> to you?
>
> [MS. BENALLY]: If it does, it's what I read in the paper.
>
> [MS. PORTER]: Do you remember Mr. Laws giving an update on
> the investigation into that incident to the commission?
>
> [MS. BENALLY]: I don't recall. That's been, like, six years ago. If
> there was any mention, it probably was in passing.
>
> [MS. PORTER]: And why do you say that if you don't remember
> it?
>
> [MS. BENALLY]: I'm trying to recollect when it could happen.
>
> [MS. PORTER]: Okay. So is it fair to say you don't really know
> one way or the other?
>
> [MS. BENALLY]: No. I don't recall. It's been six years ago.[80]

67.     Bruce Adams was also a county commissioner at the time of the gate incident.[81]

68.     Commissioner Adams also testified that he "didn't [recall getting] into the details

with anybody on this whole incident. I just—if I happened to hear something about it from

somebody, it was news to me."[82]

---

[80] Motion ¶ 47, docket no. 139; Opposition at 4, docket no. 141; *Deposition of Rebecca Benally* Ex. 3 to Motion at 22:6-22:23, docket no. 139-3, filed July 15, 2024.

[81] Motion ¶ 48, docket no. 139; Opposition at 4-5, docket no. 141.

[82] Motion ¶ 50, docket no. 139; Opposition at 5, docket no. 141; *Deposition of Bruce Adams* Ex. 4 to Motion at 5:6–9, docket no. 139-5, filed July 15, 2024.

15

69. Richard Eldredge was the San Juan County Sheriff at the time of the gate incident.[83]

70. Contrary to Lyman's deposition, Sheriff Eldredge testified that he never gave the county commissioners a briefing on the gate incident and that he did not remember being in a meeting with Prosecutor Laws and others where the gate incident was discussed.[84]

71. Sheriff Eldredge also testified that he never discussed the gate incident with any of the county commissioners or administrator.[85]

72. When confronted with Lyman's deposition testimony, Sheriff Eldredge stated the following:

> [MS. PORTER]: Okay. Are you aware that Phil Lyman says you did?
>
> [MR. ELDREDGE]: I am, yes.
>
> [MS. PORTER]: And you're saying he's just wrong?
>
> [MR. ELDREDGE]: Yes.[86]

73. Kelly Pehrson was the San Juan County administrator at the time of the gate incident.[87]

---

[83] Motion ¶ 51, docket no. 139; Opposition at 5-6, docket no. 141.

[84] Motion ¶ 52, docket no. 139; Opposition at 6, docket no. 141; *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 20-21 ln 16-2, docket no. 141-1, filed August 12, 2024; *Deposition of Richard Allen Eldredge* Ex. C to Opposition, docket no. 139-5, filed July 15, 2024.

[85] Motion ¶ 53, docket no. 139; Opposition at 6, docket no. 141; *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 20-21 ln 16-2, docket no. 141-1, filed August 12, 2024.

[86] Motion ¶ 51-53, docket no. 139; Opposition at 6, docket no. 141; *Deposition of Richard Allen Eldredge* Ex. C to Opposition at 15:16 – 16:12, docket no. 139-5, filed July 15, 2024.

[87] Motion ¶ 54, docket no. 139; Opposition at 6, docket no. 141.

16

74.     Ms. Pehrson testified that he most likely heard about the gate incident from Commissioner Bruce Adams but that he did not discuss it with Prosecutor Laws, contrary to Lyman's testimony.[88]

75.     Ms. Pehrson testified that while he did not remember, if such a meeting occurred, he was likely briefed about the gate incident by Sheriff Eldredge with the other commissioner.[89]

76.     John David Nielson was the San Juan County clerk at the time of the gate incident.[90]

77.     Nielson testified that he never discussed Ms. Chilcoat with any county commissioner; that he did not recall attending any sort of meeting in which Sheriff Eldredge briefed one or more county commissioners about an incident involving Ms. Chilcoat; and that he did not remember being in a room where Sheriff Eldredge discussed Ms. Chilcoat at all.[91]

78.     Nielson also testified that he typically writes down the reason for the executive sessions in the meeting Minutes and was unaware of why no reason was stated on the April 4, 2017, commission meeting minutes for going into an executive session, but otherwise had no reason to believe the typical process was not followed on April 4.[92]

---

[88] Motion ¶ 55, docket no. 139; Opposition at 6-7, docket no. 141; *Deposition of Kelly Pehrson*, Exhibit D to Opposition at p. 11 ln 9-16, docket no. 141-8, filed August 12, 2024; *Deposition of Philip Lyman*, Exhibit A to Opposition at pp. 20-21 ln 16-2, docket no. 141-1, filed August 12, 2024.

[89] Motion ¶ 56, docket no. 139; Opposition at 7, docket no. 141; *Deposition of Philip Lyman*, Exhibit A to Opposition at p 17 ln 7-12, docket no. 141-1, filed August 12, 2024.

[90] Motion ¶ 57, docket no. 139; Opposition at 7, docket no. 141.

[91] Motion ¶ 58, docket no. 139; Opposition at 7, docket no. 141; *Deposition of John Nielson*, Exhibit E to Opposition at 19:22–20:18, docket no. 141-5, filed August 12, 2024.

[92] Motion ¶ 59, docket no. 139; Opposition at 7, docket no. 141; Motion ¶ 58, docket no. 139; Opposition at 7, docket no. 141; *Deposition of John Nielson*, Exhibit E to Opposition at pp. 15-16 ln 6-14, docket no. 141-5, filed August 12, 2024.

17

## 2   STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[93] "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact."[94] The court "look[s] at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party."[95] "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[96]

"A summary judgment motion is not the chance for a court to act as the jury and determine witness credibility, weigh the evidence, or decide upon competing inferences."[97] "The movant must demonstrate entitlement beyond a reasonable doubt and if an inference can be deduced from the facts whereby the non-movant might recover, summary judgment is inappropriate."[98] The movant has the initial burden to show "an absence of evidence to support an essential element of the non-movant's case."[99]

If the movant satisfies this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element."[100] The non-movant must then "go beyond the pleadings and 'set forth

---

[93] Fed. R. Civ. P. 56(a).

[94] *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000).

[95] *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

[96] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[97] *Les Indus. Wipeco, Inc. v. Bluestem Mgmt. Advisors, LLCv*, No. 21-2289-JAR-ADM, 2023 WL 4295364 (D. Kan. June 30, 2023).

[98] *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 36 (10th Cir. 1975).

[99] *Johnson v City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

[100] *Id*.

18

specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[101] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[102]

## 3    DISCUSSION

Ms. Chilcoat's last remaining claim is that at a closed session between April 3 and April 18, 2017, the San Juan County Commission "made an official decision whereby they directed or encouraged" Prosecutor Laws to pursue felony charges against Ms. Chilcoat and her husband.[103] This allegation contains two theories: the San Juan County commission made an official decision which either *directed* or simply *encouraged* Prosecutor Laws to bring felony charges. Under either theory, Ms. Chilcoat also alleges "[Prosecutor Laws] was acting in the capacity as a final decision-making authority for San Juan County. [Prosecutor] Laws was not acting for or on behalf of the State of Utah in his actions as a complaining witness."[104] The Tenth Circuit already affirmed the dismissal of Ms. Chilcoat's claims against Prosecutor Laws.[105]

The County contends that summary judgment is warranted because the undisputed evidence has no official decision or even substantive discussion, direction, or influence over the prosecution.[106]

---

[101] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[102] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994).

[103] Amended Complaint ¶¶ 22-26.

[104] Amended Complaint ¶ 79.

[105] *Chilcoat*, F.4th at 1213.

[106] Motion at 13.

19

Ms. Chilcoat contends that summary judgment is unwarranted because genuine issues of material fact remain.[107] Ms. Chilcoat points to conflicting commissioner testimony, undisclosed meetings, and Commissioner Lyman's hostile remarks as evidence supporting an inference that the County may have influenced her prosecution.[108] This argument echoes the decision of the Tenth Circuit that her claim was plausible because her complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. So, dismissal of the claim and denial of leave to amend as futile was held improper. But that is not the standard of review at the summary judgment stage. A party must provide some genuine dispute of material fact to overcome a summary judgment motion.

After careful review of the record, briefs, and governing case law, the following analysis evaluates the application of law to each of Ms. Chilcoat's legal theories.

### 3.1 The Undisputed Facts Do Not Show the County Directed Prosecutor Laws to Prosecute Ms. Chilcoat.

A successful municipal liability claim must prove three elements: "(1) official policy or custom[,] (2) causation, and (3) state of mind."[109] "The authority to make municipal policy is necessarily the authority to make *final* policy."[110] "The custom or practice giving rise to liability must be 'so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'"[111]

---

[107] Opposition at 2-3.

[108] *Id.*

[109] *Hinkle v. Beckham Cnty. Bd. of Cnty. Commissioners*, 962 F.3d 1204, 1239 (10th Cir. 2020) (*quoting Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013)).

[110] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

[111] *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (*quoting Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989)).

20

"The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."[112] "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."[113] Ms. Chilcoat has alleged a decision of San Juan County's governing body.

The County moves for summary judgment stating that, "[s]imply put, there is no evidence from which a reasonable trier of fact could infer that the County adopted a 'policy or custom' 'that directly caused the violation of plaintiff's constitutional rights.'"[114] Ms. Chilcoat countered that at summary judgment, she does not need to prove conclusively the existence of a practice or policy, but rather "'evidence from which the trier of fact could reasonably infer the existence of such' a policy or practice."[115]

Review of the evidence and arguments shows Ms. Chilcoat does not present a genuine dispute of material fact on the first element of municipal liability -- that there was a County policy or custom behind her prosecution.

---

[112] *Schneider*, 717 F.3d at 770 (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

[113] *Id*. at 770.

[114] Reply at 15-16.

[115] Opposition at 12. (*citing Cannon v. City & Cnty. of Denver*, 998 F.2d 867, 878 (10th Cir. 1993)).

21

### 3.1.1 There is Neither Evidence of an Official County Policy nor a Pattern of Conduct From Which a Reasonable Jury Could Infer a County Policy.

The first element of a municipal liability claim is the existence of an official policy or custom. [116] Following Supreme Court precedent,[117] the Tenth Circuit has stated that a municipal policy or custom may manifest in five ways:

(1) formal regulation or policy statement;

(2) informal custom amounting to widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with force of law,

(3) decisions of employees with final policymaking authority,

(4) ratification by such final policymakers of decisions, and basis for them, of subordinates to whom authority was delegated subject to policymakers' review and approval; or

(5) failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to injuries that may be caused.[118]

Ms. Chilcoat's briefs do not directly identify which form of action San Juan County allegedly utilized. But Ms. Chilcoat's last remaining claim is "that the commission meeting discussing Ms. Chilcoat occurred and that the Commission either directed or encouraged the criminal prosecution of Ms. Chilcoat during that meeting[.]"[119] This fits squarely within *Bryson*'s fourth category: Ms. Chilcoat alleges that the Commission, the final policymaker, directed or encouraged Prosecutor Laws, the County's subordinate, to file the felony charges against her.

Regarding *Bryson*'s fourth category, "when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the

---

[116] *Hinkle*, 962 F.3d at 1239.

[117] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 113 (1988).

[118] *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (*quoting Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir.2010)).

[119] Opposition at 15.

22

official's conduct for conformance with *their* policies."[120] Ms. Chilcoat advances two sub-arguments: (1) the evidence shows a formal policy exists; or (2) an accumulation of the County's informal actions over time are sufficient for a reasonable jury to infer a policy. Each sub-argument is addressed in turn.

### 3.1.1.1 There is No Evidence of an Official Policy.

Ms. Chilcoat has no evidence of an official decision, policy, or custom behind her prosecution. Ms. Chilcoat argues that "temporal proximity" of the meeting of commissioners to filing of felony charges supports an inference of municipal direction because her alleged injury bears a direct and immediate connection to her 2017 prosecution.[121]

A reasonable jury could find that the San Juan County Commission met with Prosecutor Laws in an executive session on either April 4, 2017, or April 18, 2017,[122] to review Ms. Chilcoat's criminal charges. Than on April 18, 2017, Prosecutor Laws filed felony charges against her and her husband.[123] These facts could support an inference of an informal review by the San Juan County Commission of Prosecutor Law's decision regarding the prosecution of Ms. Chilcoat[124] This thin history of events in light of Prosecutor Laws' independence as a prosecutor for the State of Utah is insufficient to allow a reasonable jury to find an "official policy or custom" by the County that led to a violation of Ms. Chilcoat's constitutional rights.

Commissioner Lyman's deposition is the evidence most relevant to Ms. Chilcoat's version of events. The deposition does not indicate that the commission voted, directed, or even

---

[120] Praprotnik, 485 U.S. at 127.

[121] Objection at 12-13.

[122] Opposition, docket no. 141 ¶ 1; Reply, docket no. 148 at 8-9; *Deposition of Philip Lyman*, Exhibit A to Opposition, docket no. 141-1 at p. 24 ln 6- 12, filed August 12, 2024.

[123] Motion, docket no. 139 ¶ 16; Opposition, docket no. 141 at 1-3; *Chilcoat*, 41 F. 4th at 1204-5.

[124] *Praprotnik*, 485 U.S. at 127.

encouraged Prosecutor Laws to bring felony charges.[125] Testimony from Commissioners Adams and Benally, Sheriff Eldredge, and Administrator Pehrson likewise provides no support, as none of them recalled the April 4 or April 18 executive sessions or any Commission directives influencing prosecutorial decisions in any case.[126] There is no record of any commission action.

Commissioner Lyman's testimony and personal hostility toward Ms. Chilcoat cannot support an inference that the County Commission was responsible for the charges against Ms. Chilcoat. The County is correct that there is no "testimony that the County commissioners directed, instructed, or encouraged the prosecution of Ms. Chilcoat or the escalation of charges against her. To the contrary, the only evidence is that commissioners referred to any discussion as a 'briefing,' or an 'update.'"[127] Speculation about what occurred behind closed doors cannot establish an "official policy or custom." At most, the evidence might show that Prosecutor Laws allowed the Commission to discuss and express opinions about Ms. Chilcoat's case during the executive session, but "without more" the County cannot be held liable merely because Prosecutor Laws briefed County officials on the matter.[128]

Ms. Chilcoat cites the Tenth Circuit's rulings in *Waller v. City and County of Denver* and in the 2022 appeal of this case, arguing that mere "temporal proximity" of events is sufficient for her to survive summary judgment by permitting a reasonable inference of an official policy or

---

[125] *Deposition of Philip Lyman*, Exhibit A to Opposition, docket no. 141-1 at 24:6- 12, filed August 12, 2024.

[126] *Deposition of Bruce Adams* Exhibit B to Opposition, docket no. 141-2 at 11:3-13, filed July 15, 2024; *Deposition of Kelly Pehrson*, Exhibit D to Opposition, docket no. 141-8 at 11:9-16, filed August 12, 2024; *Deposition of Rebecca Benally* Ex. 3 to Motion, docket no. 139-3 at 6:3–5, filed July 15, 2024; ; *Deposition of Richard Allen Eldredge* Ex. C to Opposition, docket no. 139-5 at 15:16 – 16:12, filed July 15, 2024.

[127] Reply at 14-15.

[128] *Pembaur*, 475 U.S. at 481.

24

custom.[129] Both cases are distinguishable for the same reason: their decisions were made at the dismissal stage.

In *Waller* the Tenth Circuit reviewed a motion to dismiss for failure to state a claim, and on Ms. Chilcoat's appeal, the Tenth Circuit overturned the denial of amendment of Ms. Chilcoat's complaint.[130] In both cases, the Tenth Circuit evaluated a district court's dismissal of the initial complaint, and the ability to amend.[131] The Tenth Circuit accepted each respective complaint's allegations as true employing the "usual rule" that "a court should consider no evidence beyond the pleadings."[132] Therefore, in both cases, the Tenth Circuit assessed whether the pleadings stated a viable claim, not whether evidence was sufficient to survive summary judgment.

The standard is different at summary judgment than at dismissal. As the Tenth Circuit said on direct appeal by Ms. Chilcoat, "We do not know what discovery may bring. But that is not our concern. At the motion to dismiss stage, we are tasked with assessing plausibility, not proof."[133] Discovery has now concluded, and more proof than Ms. Chilcoat presents is necessary to send this case to a jury. Ms. Chilcoat needed to provide some evidence showing an official action. She failed to do so.

---

[129] Opposition at 12-13.

[130] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

[131] *Waller*, 932 F.3d at 1282; *Chilcoat*, 41 F.4th at 1219.

[132] *Waller* at 1282.

[133] *Chilcoat*, 41 F.4th at 1219.

25

3.1.1.2    Ms. Chilcoat Presents No Evidence Beyond this Case of the County Targeting Environmentalists or Commissioner Lyman's Political Rivals.

Next, relying on *Cannon v. City & County of Denver*, Ms. Chilcoat argues that surviving summary judgment does not require conclusive proof, just evidence that a reasonable factfinder could use to infer a municipal policy.[134] But to survive summary judgment, "[p]roving a single incident of unconstitutional conduct is not enough. Rather, a plaintiff must show that the incident resulted from an existing, unconstitutional policy attributable to a municipal policymaker."[135] Ms. Chilcoat's dependance on *Cannon* is misplaced.

In *Cannon*, Denver police were arresting anti-abortion protestors outside Planned Parenthood clinics. Though the district court granted summary judgment, the Tenth Circuit reversed holding:

> Although these incidents do not conclusively prove the existence of a general municipal practice of First Amendment violations against antiabortion protestors, when seen in the light most favorable to the plaintiffs we agree that they are evidence from which the trier of fact could reasonably infer the existence of such a policy. The evidence submitted by plaintiffs would support an inference of considerably more than one instance of conduct, which alone may not prove a custom or policy.[136]

By citing *Cannon*, Ms. Chilcoat likens her 2017 prosecution to police treatment of antiabortion protestors, suggesting she was targeted for her environmental activism and support of Commissioner Lyman's prosecution.

For *Cannon* to be applicable, Ms. Chilcoat would have to produce evidence of multiple instances of San Juan County prosecuting environmental activists or Commissioner Lyman's political opponents, "from which the trier of fact could reasonably infer the existence of such a

---

[134] Opposition at 12. (*citing Cannon v. City & Cnty. of Denver*, 998 F.2d 867, 878 (10th Cir. 1993)).

[135] *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1170 (10th Cir. 2009).

[136] *Cannon*, 998 F.2d. at 878.

26

policy."[137] However, Ms. Chilcoat offers only a single instance, her own prosecution, "which alone may not prove a custom or policy."[138] Ms. Chilcoat has identified no other case where the San Juan County Commission directed or encouraged prosecution of environmentalists or Commissioner Lyman's political opponents, leaving no basis on which a jury could infer a policy or custom under *Cannon*.

### 3.1.2 Prosecutor Laws Brought Charges Against Ms. Chilcoat as a State Actor Under Utah Code § 17-18a-401.

The Tenth Circuit made clear that Ms. Chilcoat must establish the legal responsibility of San Juan County for the allegedly injurious prosecution:

> For municipal liability, the defendant must be an official policymaker *for the municipality*—not the state. Whether an official is a final policymaker for the state or the county depends "on the definition of the official's functions under relevant state law." This analysis demands careful consideration of state law because "an official may be considered a state official for the purpose of one function and a municipal official for another."[139]

Ms. Chilcoat must show how San Juan County was the final policy maker for the charges brought against her. Ms. Chilcoat's Amended Complaint and Opposition are notably devoid of applicable authority.[140] Instead, Ms. Chilcoat points to the Tenth Circuit's words as support for her position rather than recognizing them as a legal standard, relying mainly on the "temporal proximity" between the closed committee meeting and the ensuing felony charges. This temporal proximity is a factual feature.

---

[137] *Id.*

[138] *Id.*

[139] *Chilcoat*, 41 F.4th at 1215-16.

[140] *See generally* Opposition; and Amended Complaint.

27

On appeal, the Tenth Circuit affirmed the dismissal of Prosecutor Laws from this case

based on Utah Code § 17-18a-401.[141] The Tenth Circuit affirmed the determination that

Prosecutor Laws acted for the State, over Ms. Chilcoat's contentions that Prosecutor Laws acted

for the County.[142] Despite the Tenth Circuit's holding, Ms. Chilcoat still contends that

Prosecutor Laws was acting on behalf of the County and not the State.[143] Utah Code § 17-18a-

401 provides:

> An attorney who serves as a public prosecutor shall:
>
> > (1) except for a prosecution undertaken by a city attorney under Section 10-3-928, conduct, on behalf of the state, all prosecutions for a public offense committed within a county or prosecution district;
> >
> > (2) conduct, on behalf of the county, all prosecutions for a public offense in violation of a county criminal ordinance; and
> >
> > (3) perform all other duties and responsibilities as required by law.[144]

A county prosecutor may act on behalf of either the state or the county in which elected

depending on the charges brought. In this case, Prosecutor Laws could have acted on behalf of

the County (making the San Juan County Commission the "final policymaker" for her criminal

charges) if Ms. Chilcoat's prosecution rested on San Juan County law.

The misdemeanor charges Prosecutor Laws brought against Ms. Chilcoat were all

brought under state law: Trespassing on Trust Land (Animal Enterprise) [Utah Code § 53C-2-

301] and False Personal Information to a Peace Officer [Utah Code § 76-8-507(1)].[145] The

felony charges Prosecutor Laws brought against Ms. Chilcoat were also brought under state law:

---

[141] *Chilcoat*, 41 F.4th at 1196.

[142] *Id*.

[143] Amended Complaint ¶ 79.

[144] Utah Code § 17-18a-401.

[145] *Chilcoat*, 41 F.4th at 1204-1205 (internal citations omitted).

28

Attempted Wanton Destruction of Livestock (Animal Enterprise)<sup>,</sup> [Utah Code § 76-6-111(4)(d)] and Retaliation Against a Witness, Victim, or Informant [Utah Code Ann. § 76-8-508.3].[146] Each of these charges are found in the Utah Criminal Code and not in any San Juan County ordinance.[147]

Under Utah Code § 17-18a-401, Prosecutor Laws acted on behalf of the State of Utah when he filed criminal charges against Ms. Chilcoat, exercising the authority granted to him under Utah Code § 17-18a-401(1).[148] Just because Prosecutor Laws was acting *within* the county does not mean he was acting *on behalf of* the county. Whether Prosecutor Laws proceeded under § 17-18a-401(1) (for the state) or (2) (for the county), is central to Ms. Chilcoat's municipal liability claim. The office and duties of county attorneys are defined by state statute. Tenth Circuit precedent held under similar Kansas statutes that "county attorneys are officials of the state, not the county."[149]

Ms. Chilcoat's claim that the San Juan County Commission could make a policy decision about Prosecutor Laws' state prosecution is not supported by the law.

### 3.2 Chilcoat Provides No Authority That a County is Liable for the Actions of One Commissioner.

A reasonable jury could find that Commissioner Lyman pressured Prosecutor Laws to pursue Ms. Chilcoat. Commissioner Lyman was the only witness who recalled the prosecution timeline in detail;[150] sent frustrated emails when the Utah Attorney General declined to help

---

[146] *Id*. at 1205.

[147] Utah Code § 53C-2-301; Utah Code § 76-8-507(1); Utah Code § 76-6-111(4)(d); Utah Code Ann. § 76-8-508.3; *Amended Information*, Exhibit M to Opposition, docket no. 141-13, filed April 24, 2018.

[148] Utah Code § 17-18a-401(1).

[149] *Nielander*, 582 F.3d at 1170.

[150] Opposition, docket no. 141 ¶ 1; Reply, docket no. 148 at 8-9; *Deposition of Philip Lyman*, Exhibit A to Opposition, docket no. 141-1 at p. 24 ln 6- 12, filed August 12, 2024.

29

prosecute Ms. Chilcoat;[151] and made social media posts regarding Ms. Chilcoat and this case which were extensively reported on by the Salt Lake City Tribune.[152] Furthermore, the April 13, 2017, email from an unknown sender called the prosecution of Ms. Chilcoat the "one chance" to punish environmentalists, but the County produced only a version with the sender redacted.[153] Viewed in a light most favorable to Ms. Chilcoat, this evidence shows that Lyman pushed for felony charges.

But Ms. Chilcoat cites no legal authority showing that encouragement by a single commissioner is enough to hold the County liable. "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."[154] Also, "[t]he fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."[155]Actions of one county commissioner are not actions of the municipality.

Ms. Chilcoat has provided no authority showing that the actions of a single commissioner can impose municipal liability on the County. Summary judgment is appropriate for this reason.

---

[151] Opposition, docket no. 141 ¶ 20; Reply, docket no. 148 at 14; *Email from Phil Lyman to Bill Howell, July 25, 2018*, Ex. N to Opposition, filed August 12, 2024.

[152] Opposition, docket no. 141 ¶ 18; Reply, docket no. 148 at 13; *Salt Lake Tribune: Did San Juan County officials orchestrate charges against public-land activists over closing corral gate?*, Exhibit J to Opposition, docket no. 141-10, filed April 24, 2018.

[153] Amended Complaint ¶ 26(l); Amended Answer ¶¶ 12, 13.

[154] *Schneider*, 717 F.3d at 770 (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

[155] *Pembaur*, 475 U.S. at 481 (*citing Oklahoma City,* 471 U.S. at 822–824).

30

## 4 CONCLUSION

Summary judgment is appropriate because the undisputed evidence fails to raise a genuine issue of material fact on the first element of a municipal liability claim. First, nothing in the record suggests any official County policy or custom behind the charges against Ms. Chilcoat, or any pattern of actions that could imply one. The only proof available is testimony from commissioners and county officials which negates any closed-door directive. Reliance on animus, missing records, or speculation cannot substitute for at least some evidence of municipal action. Second, municipal liability may not rest on the statements or conduct of a single municipal officer when Plaintiff has not demonstrated an official policy or custom attributable to San Juan County.

## 5 ORDER

IT IS HEREBY ordered that the County's Motion for Summary Judgment is GRANTED.

The Clerk is ordered to CLOSE this case.

Signed October 30, 2025.

BY THE COURT

David Nuffer
United States District Judge

31

53

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROSALIE CHILCOAT,<br><br>Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY,<br><br>Defendant. | **JUDGMENT IN A CIVIL CASE**<br><br>Case No. 4:19-cv-00027-DN<br><br>District Judge David Nuffer |

IT IS HEREBY ORDERED AND ADJUDGED, as explained in the Memorandum

Decision and Order Granting Defendant's Motion for Summary Judgment, San Juan County's

Motion for Summary Judgment is GRANTED.

The Clerk of Court shall close the action.

Signed October 30, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge

Karra J. Porter, 5223
John M. Mejia, 13965
Anna P. Christiansen, 17518
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Karra.Porter@chrisjen.com
Kristen.Kiburtz@chrisjen.com
John.Mejia@chrisjen.com
Tanner.Clagett@chrisjen.com

Patrick A. Shea, 2929
PATRICK A. SHEA, P.C.
252 South 1300 East, Suite A
Salt Lake City, UT 84102
Telephone: (801)852-0949
pas@patshealaw.com

*Attorneys for Plaintiff Rosalie Chilcoat*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| ROSALIE CHILCOAT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN JUAN COUNTY, a political subdivision of the state of Utah;<br><br>Defendant. | **NOTICE OF APPEAL**<br><br><br>Case No. 4:19-cv-00027-DN<br><br>District Judge David Nuffer |

Plaintiff, Rosalie Chilcoat, by and through undersigned counsel, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment entered on October 30, 2025 [DE-155], and all preceding, subsidiary, and related rulings, including the Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment [DE-154].

DATED this 26th day of November, 2025.

CHRISTENSEN & JENSEN, P.C.

/s/ *Karra J. Porter*
Karra J. Porter
John M. Mejia
Anna P. Christiansen
*Attorneys for Plaintiff Rosalie Chilcoat*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2025, I caused a true and correct copy of

the foregoing **NOTICE OF APPEAL** to be filed with the clerk of the court using the e-filing system,

which sent notification of such filing to the following:

R. Blake Hamilton
Ashley M. Gregson
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
blake.hamilton@dentons.com
ashley.gregson@dentons.com
*Attorneys for San Juan County*

/s/ *Ashlee Mason*
Ashlee Mason

2